## GILMAN GOODWIN *v.* JAMES B. KIRKER.

Where one party to a contract terminates it by refusing to fulfill it, and gives notice to that effect, the remedy of the other party is by an action to recover the value of any work already done, with such damages in addition as may be shown to have resulted from the breach of the agreement.

K. employed G. to shore up a wall of a building in a particular manner, and at a specified price; but before the work had been half performed, not being satisfied with the manner in which it was being done, he notified G. not to proceed further with it. G., notwithstanding, completed the shoring up, and then sued upon the contract to recover the price agreed on. *Held,*

I. That giving the notice put an end to K.'s liability upon the contract for any work subsequently performed under it.

II. That G. could only recover for the value of the work done previous to the notice, with such damages as arose from the refusal of K. to fulfill his agreement.

APPEAL from a judgment of the Third District Court. The

action was brought to recover the contract price agreed upon for shoring up in a particular manner a wall of the defendant's building. It appeared at the trial that the plaintiff was employed by one Woodruff to erect a building on a lot on Broadway, adjoining the plaintiff's store, and a part of that employment was to shore up the wall in question, which Woodruff was obligated to do by the "Act respecting excavations in New York and Brooklyn," passed January 24th, 1855. (See Laws 1855, p. 11.) The plaintiff commenced this work, and was about inserting the needles to support the wall upon the floor of the defendant's store. On being requested to place them in the cellar underneath, so as not to interrupt the defendant's business, he declined, upon the ground that it would be a more expensive way. The extra cost being inquired, it was stated to be $50, which the defendant agreed to pay. Afterwards, the needles not being put in the place where the defendant understood they were to be, he rescinded the contract and notified the plaintiff not to proceed under it. When the shoring up had been completed, this action was brought upon the contract thus agreed on, the plaintiff claiming that he had performed it, and the defendant insisting that he had not. The testimony before the justice was conflicting upon this point, but it was not disputed that the notice was given before the work was completed. During the trial the defendant put in evidence the contract made originally with Woodruff, and the plaintiff excepted to its admission. The justice gave judgment in the defendant's favor, and the plaintiff appealed.

*Alexander Spaulding*, for the appellant.

*Robert C. Embree*, for the respondent.

By the Court, HILTON, J.—This action is upon a parol contract made between the parties in respect to shoring up the walls of a building owned by the defendant. The defence is that no work was performed under the contract; and also, that before

any work was attempted, the defendant rescinded the contract, and notified the plaintiff not to proceed under it. On the trial before the justice, the evidence was conflicting as to whether the plaintiff did the work thus contracted for, and his finding upon this question cannot be disturbed.

Upon the question as to whether any work had been performed by the plaintiff at the time the defendant notified him not to proceed, the plaintiff testified that nearly half of the work had been done before the notice was given; while, on the contrary, the defendant testified that the work had not then begun.

Evidence of this nature was clearly insufficient to support the plaintiff's action upon the *contract*. The notice thus given put an end to the defendant's liability upon the contract for any work subsequently performed under it, and left the plaintiff to his action for the value of any work he had previously performed; and for such damages, in addition, as he might show to have resulted from the defendant's breach of the agreement. 2 Parsons on Contracts, 193. *DuBois* v. *The Delaware and Hudson Canal Co.*, 4 Wend. 285; *Masterton* v. *The Mayor*, &c., *of Brooklyn*, 7 Hill, 61. This is not such an action; and if it was, the testimony at the trial showed no ground upon which the plaintiff could recover.

The evidence respecting the contract for shoring up, made between the plaintiff and Woodruff, although not very material, yet, it seems to me, was properly admitted for the purpose of showing the nature of the contract upon which was engrafted the parol agreement constituting the ground of the present action.

Judgment affirmed.