(36 Misc. Rep. 177.)

### WALLER v. ROTHFIELD.

(Supreme Court, Appellate Term. October, 1901.)

FOREIGN CORPORATIONS—DOING BUSINESS IN STATE.

A commission merchant in the city of New York took from a dealer an order for goods, which he forwarded to a foreign corporation, which sent the goods direct to the dealer. *Held*, that the foreign corporation was not doing business in the city of New York, so that its action for the price of the goods could not be defeated by failure of such corporation to procure a certificate of authority to do business in the state.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Frank S. Waller against Isaac Rothfield. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

A. B. Schleimer, for appellant.

Goeller, Schaffer & Eisler, for respondent.

FREEDMAN, P. J.   This action was brought by an assignee to recover the purchase price of a quantity of morocco which the Wheeler Stenzel Company, a corporation organized and existing under the laws of the state of Massachusetts, had sold through the agency of Hickok & Pate, of the city of New York, and which was shipped from Boston, Mass., direct to the defendant here.   The only question raised by the appellant herein is that the Massachusetts corporation, not having taken out a certificate or paid the tax required to be paid by a foreign corporation before doing business in this state, could not bring an action within this state, and that such disability extends to its assignee.   It is unnecessary to pass upon the right of an assignee of a foreign corporation to sue under such circumstances, for the reason that the defendant failed to prove that the Wheeler Stenzel Company was engaged in "doing business" in this state, within the meaning of the law.   The only testimony given upon that question was that relating to the transaction in suit, which consisted of the commission merchants, Hickok & Pate, taking an order from the defendant in this city, forwarding the same to Boston, and the corporation in Boston sending the goods to the defendant here.   This is not "doing business," as defined by the decisions, and does not fall within the inhibition of the statute.   People v. Roberts, 25 App. Div. 13, 48 N. Y. Supp. 1028; Knitting Co. v. Bronner, 20 Misc. Rep. 125, 45 N. Y. Supp. 714; Varnish Co. v. Connell, 10 Misc. Rep. 553, 32 N. Y. Supp. 492; Stern v. Childs, 26 Misc. Rep. 419, 56 N. Y. Supp. 192.   The judgment must therefore be affirmed.

Judgment affirmed, with costs.   All concur.