## MENDELL v. WILLYOUNG.

(Supreme Court, Appellate Term.   November 30, 1903.)

1.. CONTRACTS—OFFER AND ACCEPTANCE.
   By signing a printed form, issued by plaintiff's assignor in the course of its business, reading: "In consideration of the rate at which this contract is made, you are hereby authorized to insert my advertisement, to occupy a space of 3½ inches, beginning with issue of January 4th, 1902, and in all alternate issues  *  *  *  for 26 insertions, for which I agree to pay $5.08 per insertion, payable monthly," etc.—defendant impliedly intimated that the publication of the advertisement would be deemed by him an acceptance of his offer, and the instrument became valid as a contract when the publication was begun.

2. SAME—REVOCATION—EFFECT.
   After commencement of the publication, the contract was not revocable by defendant without consequent liability for damages.

3. SAME—NOTICE—RIGHTS OF PARTIES.
   After notification by defendant that he refused to fulfill the contract on his part, plaintiff had no right to continue the publication.

4. SAME—MEASURE OF DAMAGES.
   Plaintiff was not entitled to recover for the full contract price, but only for the actual damages sustained.

---

¶ 4. See Damages, vol. 15, Cent. Dig. § 329.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Lillian H. Mendell against Elmer G. Willyoung. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Arthur L. Fullman, for appellant.

Melville B. Mendell, for respondent.

FREEDMAN, P. J. The advertising solicitor of the plaintiff's assignor obtained the defendant's signature to a printed instrument, of which the following is a copy:

"New York, December 30th, 1901.

"Electrician Publishing Company, Chicago—In consideration of the rate at which this contract is made, you are hereby authorized to insert my advertisement to occupy a space of 3½ inches beginning with issue of January 4th, 1902, and in all alternate issues of the Western Electrician for 26 insertions, for which I agree to pay $5.08 per insertion, payable monthly.

"When no other copy is provided repeat the last advertisement.     $5.08.
Agent M. L. Godkin.                                    Elmer G. Willyoung.

"No verbal conditions.
"Western Electrician.
"Weekly."

In compliance with the above order of the defendant, the plaintiff's assignor inserted the defendant's advertisement in nine issues of its publication, sending a copy of the same regularly to the defendant. After the advertisement had been published for said nine issues, the defendant notified plaintiff's assignor, by mail, to discontinue the insertion of the advertisement, and saying that he would accept no bills for further advertising. Plaintiff's assignor continued to insert defendant's advertisement for the remaining 17 issues provided for in the instrument signed by the defendant, and when the required number of publications had been made brought this suit and recovered a judgment for the 26 issues at the rate named in the writing. Defendant appeals, and urges two grounds for reversal: First. That, plaintiff's assignor being a foreign corporation doing business in this state, there is no proof that it has complied with the law (chapter 538, p. 1326, Laws 1901) requiring it to file a copy of its certificate of incorporation, etc. Second. That the instrument sued on is not a contract. That it is a mere offer, revocable at defendant's pleasure. That defendant, having notified plaintiff's assignor, after nine insertions of the advertisement, to no longer continue its publications, could not be held liable for subsequent insertions of the advertisement.

As to the first point raised by the appellant, the testimony does not show that plaintiff's assignor was "doing business" within this state so as to require a compliance with chapter 538, p. 1326, Laws 1901, within the decision of Cummer Lumber Co. v. Ass'n Fire Ins. Co., 67 App. Div. 151, 73 N. Y. Supp. 668; Waller v. Rothfield, 36 Misc. Rep. 177, 73 N. Y. Supp. 141.

It is conceded by the appellant that the instrument signed by the defendant was an offer. It is true this offer was revocable at the

will of the defendant at any time before acceptance, but not thereafter without consequent liability for damages. A contract is formed by the acceptance of an offer, and, to determine whether a contract was entered into between the parties herein, it is necessary to ascertain whether the offer made by the defendant was accepted by the plaintiff's assignor, because until accepted neither party is bound, and the offer may be revoked, but after acceptance it is irrevocable, for its acceptance binds the parties. The instrument signed by the defendant was a printed form issued by the plaintiff's assignor, evidently in course of its business, and was presented to the defendant by the solicitor of the publishing company. It was at least an indication to the defendant that the publishing company was endeavoring to obtain business, and that the publication by it of the defendant's advertisement would undoubtedly be made if defendant's offer was in accordance with its business requirements. An offer so made is accepted when such acceptance is communicated to the person making it. This is essential: that the minds of the contracting parties may be said to have met; but communicated acceptance may be predicated upon some overt act upon the part of the person to whom an offer is made, providing the person making the offer expressly or impliedly intimates that it will be sufficient to act upon his proposal, without directly communicating acceptance of it to himself. Anson on Contracts, 26. I think that it may reasonably be said that the defendant impliedly intimated, in the offer signed by him, that the publication of his advertisement by the plaintiff's assignor would be deemed by him to be an acceptance of his offer, and that the instrument became valid as a contract between the parties when the plaintiff's assignor began the publication of the defendant's advertisement. "In order to constitute an agreement, there must be a proposition by the one party, accepted by the other, and when the parties are not together the acceptance must be manifested by some appropriate act." White v. Corlies, 46 N. Y. 467. "If the proposal be clear and definite, and one to which a simple assent is a complete answer, such assent may be given either in writing, by words, or by acts." Houghwout v. Boisaubin, 18 N. J. Eq. 315. In the case at bar plaintiff's assignor began the publication authorized by the defendant, and continued it for nine insertions, before any attempt at revocation by the defendant. Had defendant revoked his offer before any overt act indicating an acceptance thereof on the part of the plaintiff's assignor had been done, the case would have been similar to that of Cary v. St. John Appo (decided at the present term of this court) 84 N. Y. Supp. 569; but it differs from that case in that the publication was begun and continued, of which the defendant presumably had notice, as he regularly received a copy of the publication containing advertisement.

I am also of the opinion that the contract was an entire one. It provided in plain and concise terms for the insertion of the defendant's advertisement for 26 times at an agreed price of $5.08 per each insertion, payable monthly. It only became necessary, then, to determine the measure of damages to which the plaintiff is entitled for defendant's breach of contract, for it is conceded that, after plaintiff's assignor had inserted defendant's notice for nine times, the defendant

directed the publication office to discontinue, and refused to pay for further insertions. Plaintiff's assignor, as before stated, disregarded such notice and continued to publish the advertisement, and recovered in the court below for the full 26 insertions at the contract price of $5.08 for each insertion, without testimony as to the actual damages. This was error. Upon notification by the defendant that he refused to fulfill the contract on his part, the plaintiff's assignor should have discontinued its publication of the defendant's advertisement. It had no right to proceed after such countermand. Clark v. Marsiglia, 1 Denio, 317, 43 Am. Dec. 670; Goodwin v. Kirker, 2 Hilt. 401. "Where, after a contract has been entered into between two parties, notice is given by one of them that the contract is rescinded on his part * * * it is the duty of such other party, upon receiving such notice, to save the former, so far as it is in his power, all further damages." Dillon v. Anderson, 43 N. Y. 231. That plaintiff is entitled to damages for breach of the contract by the defendant is true, but the measure of damages would not necessarily be the full contract price. It has been held that in an action brought upon an agreement, full performance of which had been prevented by the defendant, the damages to the plaintiff are such profits as he would have made had the contract been fully carried out. Dillon v. Anderson, 43 N. Y. 237, and cases there cited. It is clear that plaintiff is at least entitled to recover for the nine publications made, but under the testimony given is not entitled to the full contract price.

The judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.

BLANCHARD, J. (concurring). The contract sued upon is wanting in mutuality, and is not enforcible.

As the plaintiff's assignor was not bound to publish the defendant's advertisement, the law gave the defendant the right to discontinue its publication at any time. He appears to have exercised this right by giving notice to plaintiff's assignor to discontinue, and after such notice his liability ceased.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.