The order and judgment appealed from are affirmed, with costs.

FREEDMAN, P. J., and BLANCHARD, J., concur.

Order and judgment affirmed, with costs.

----

LILIAN H. MENDELL, Respondent, *v.* ELMER G. WILLYOUNG, Appellant.

(Supreme Court, Appellate Term, December, 1903.)

**Offer and acceptance — Implied acceptance — Entire contract — Measure of damages on rescission.**

The presentation by a solicitor of a publishing company to a person of a printed form providing for the insertion in its weekly publication of his advertisement for twenty-six times, on alternate weeks, for a price fixed for each insertion payable monthly, is an offer, and when the person signs it and the publication containing the advertisement is subsequently sent to him regularly, there is an acceptance, the contract becoming irrevocable when publication of the advertisement begins. The contract is entire.

Where the person gives notice of rescission after the ninth publication of the advertisement the publishing company is not entitled to continue publication as it is its duty to make the advertiser's loss as small as possible.

The company can recover for nine insertions but beyond that probably only for the profit it would have made had the contract been fully carried out.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, second district, borough of Manhattan, in favor of plaintiff.

Misc.]        Supreme Court, Appellate Term, December, 1903.

Arthur L. Fullman, for appellant.

Melville B. Mendell, for respondent.

FREEDMAN, P. J.   The advertising solicitor of the plaintiff's assignor obtained the defendant's signature to a printed instrument of which the following is a copy.

"NEW YORK, *December* 30th, 1901.

"ELECTRICIAN PUBLISHING COMPANY, Chicago:

"In consideration of the rate at which this contract is made, you are hereby authorized to insert my advertisement to occupy a space of $3\frac{1}{2}$ inches beginning with issue of January 4th, 1902, and in all alternate issues of the Western Electrician for 26 insertions, for which I agree to pay $5.08 per insertion, payable monthly.

"When no other copy is provided repeat the last advertisement.   $5.08.  Agent M. L. Godkin.

"ELMER G. WILLYOUNG.

"No verbal conditions.

"Western Electrician.

"Weekly."

In compliance with the above order of the defendant the plaintiff's assignor inserted the defendant's advertisement in nine issues of its publication, sending a copy of the same regularly to the defendant.   After the advertisement had been published for said nine issues the defendant notified plaintiff's assignor, by mail, to discontinue the insertion of the advertisement and saying that he would accept no bills for further advertising.

Plaintiff's assignor continued to insert defendant's advertisement for the remaining seventeen issues provided for in the instrument signed by the defendant and when the required number of publications had been made brought this suit and recovered a judgment for the twenty-six issues at the rate named in the writing.

Defendant appeals and urges two grounds for reversal.

*First.*   That plaintiff's assignor being a foreign corpora-

Supreme Court, Appellate Term, December, 1903.     [Vol. 42.

tion doing business in this State, there is no proof that it has complied with the law (Laws of 1901, chap. 538), requiring it to file a copy of its certificate of incorporation, etc.

· *Second.* That the instrument sued on is not a contract. That it is a mere offer revocable at defendant's pleasure.

That defendant having notified plaintiff's assignor after nine insertions of the advertisement to no longer continue its publication could not be held liable for subsequent insertions of the advertisement.

As to the first point raised by the appellant the testimony does not show that plaintiff's assignor was " doing business " within this State so as to require a compliance with chapter 538, Laws of 1901, within the decision of Cummer Lumber Co. v. A. M. M. Fire Ins. Co., 67 App. Div. 151; Waller v. Rothfield, 36 Misc. Rep. 177.

It is conceded by the appellant that the instrument signed by the defendant was an offer. It is true this offer was revocable at the will of the defendant at any time before acceptance, but not thereafter without consequent liability for damages. A contract is formed by the acceptance of an offer, and to determine whether a contract was entered into between the parties herein it is necessary to ascertain whether the offer made by the defendant was accepted by the plaintiff's assignor, because until accepted neither party is bound, and the offer may be revoked, but after acceptance it is irrevocable, for its acceptance binds the parties.

The instrument signed by the defendant was a printed form issued by the plaintiff's assignor, evidently in course of its business, and was presented to the defendant by the solicitor of the publishing company. It was at least an indication to the defendant that the publishing company was endeavoring to obtain business, and that the publication by it, of the defendant's advertisement, would undoubtedly be made if defendant's offer was in accordance with his business requirements.

An offer so made is accepted when such acceptance is communicated to the person making it.

This is essential that the minds of the contracting parties may be said to have met; but communicated acceptance may

Misc.]       Supreme Court, Appellate Term, December, 1903.

be predicated upon some overt act upon the part of the person to whom an offer is made, providing the person making the offer expressly or impliedly intimates that it will be sufficient to act upon his proposal without directly communicating acceptance of it to himself.   Anson Cont., 26.

I think that it may reasonably be said that the defendant impliedly intimated in the offer signed by him that the publication of his advertisement by the plaintiff's assignor would be deemed by him to be an acceptance of his offer, and that the instrument became valid as a contract between the parties when the plaintiff's assignor began the publication of the defendant's advertisement.

" In order to constitute an agreement, there must be a proposition by the one party accepted by the other; and when the parties are not together, the acceptance must be manifested by some appropriate act."   White v. Corlies, 46 N. Y. 467.

" If the proposal be clear and definite, and one to which a simple assent is a complete answer, such assent may be given either by writing, by acts or by words."   Houghwout v. Boisaubin, 18 N. J. Eq. 315.   In the case at bar plaintiff's assignor began the publication authorized by the defendant and continued it for nine insertions before any attempt at revocation by the defendant.

Had defendant revoked his offer before any overt act, indicating an acceptance thereof on the part of the plaintiff's assignor, had been done, the case would have been similar to that of Cary v. St. John Appo, decided at the present term of this court; but it differs from that case in that the publication was begun and continued of which the defendant presumably had notice, as he regularly received a copy of the publication containing the advertisement.   I am also of the opinion that the contract was an entire one.

It provided in plain and concise terms for the insertion of the defendant's advertisement for twenty-six times at an agreed price of five dollars and eight cents per each insertion, payable monthly.   It only became necessary then to determine the measure of damages to which the plaintiff was entitled for defendant's breach of contract, for it is conceded

that after plaintiff's assignor had inserted defendant's notice for nine times, the defendant directed the publication office to discontinue, and refused to pay for further insertions.

Plaintiff's assignor, as before stated, disregarded such notice and continued to publish the advertisement and recovered in the court below for the full twenty-six insertions at the contract price of five dollars and eight cents for each insertion, without testimony as to the actual damage. This was error. Upon notification by the defendant that he refused to fulfil the contract on his part, the plaintiff's assignor should have discontinued its publication of the defendant's advertisement. It had no right to proceed after such countermand. Clark v. Marsiglia, 1 Den. 317; Goodwin v. Kirker, 2 Hilt. 401.

"Where, after a contract has been entered into between two parties, notice is given by one of them that the contract is rescinded on his part * * * it is the duty of such other party upon receiving such notice, to save the former so far as it is in his power, all further damages." Dillon v. Anderson, 43 N. Y. 231.

That plaintiff is entitled to damages for breach of the contract by the defendant is true, but the measure of damages would not necessarily be the full contract price. It has been held that in an action brought upon an agreement, full performance of which had been prevented by the defendant, the damages to the plaintiff are such profits as he would have made had the contract been fully carried out. Dillon v. Anderson, *supra*, 237, and cases there cited. It is clear that plaintiff is at least entitled to recover for the nine publications made, but under the testimony given is not entitled to the full contract price.

The judgment must be reversed and a new trial ordered with costs to the appellant to abide the event.

BISCHOFF, J., concurs.

BLANCHARD, J. (Concurring.) The contract sued upon is wanting in mutuality, and is not enforceable.

As the plaintiff's assignor was not bound to publish the defendant's advertisement, the law gave the defendant the

right to discontinue its publication at any time.  He appears to have exercised this right by giving notice to plaintiff's assignor to discontinue, and after such notice his liability ceased.

The judgment must be reversed and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.