(69 Misc. Rep. 627.)

### WHITE v. ALLEN KINGSTON MOTOR CAR CO.

(Supreme Court, Appellate Term.   December 8, 1910.)

1 CONTRACTS (§ 10*)—MUTUALITY OF OBLIGATION.

The defendant in April, 1909, signed this printed form of order directed to the plaintiff's assignor: "You are hereby authorized to insert our advertisement in your periodical * * * commencing with your next issue * * * for one year and thereafter until forbid by either party in writing, for which we agree to pay to your order yearly rates. * * *

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This contract shall be binding upon the Automobile Club of America only when confirmed by its Club Journal Committee." The order was confirmed by the committee without giving to defendant any notice of its acceptance, and the advertisement was published for some time, when the defendant, paying to date, ordered the publication to be discontinued, which was not done, and an action was brought to recover for its publication after that date. *Held*, that mere acceptance of the order by the committee did not oblige it to publish the advertisement, and, there being no other consideration, defendant's signed order was only a unilateral contract, lacking in mutuality, and, in so far as executory, was not enforceable.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 21–40; Dec. Dig. § 10.*]

2. CONTRACTS (§ 16*)—OFFER AND ACCEPTANCE — ACCEPTANCE OF OFFER AND COMMUNICATION THEREOF—"AGREEMENT."

To constitute an "agreement," there must be a proposition by the one party and an acceptance by the other, which must be manifested by some appropriate act.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 71–93; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 1, pp. 282–284.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by William E. White against the Allen Kingston Motor Car Company. From a judgment for the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GUY, PLATZEK, and GAVEGAN, JJ.

George H. Engelhard, for appellant.

Niles & Johnson (William W. Niles and Ralph Q. Kelly, of counsel), for respondent.

PLATZEK, J. This action is brought by the assignee of the Automobile Club of America, the publisher of a biweekly periodical known as the Club Journal, to recover upon a printed form of an order dated April 6, 1909, to the Automobile Club, signed only by the defendant. The material recitals are:

"You are hereby authorized to insert our advertisement in your periodical * * * published every other Saturday commencing with your next issue April 17 * * * for one year and thereafter until forbid by either party in writing, for which we agree to pay to your order yearly rates, per issue, in accordance with the rate quoted. * * * This contract shall be binding upon the Automobile Club of America only when confirmed by its Club Journal Committee."

The order was confirmed by the Club Journal Committee, but no formal or other notice of such approval or acceptance was given to the defendant, nor does it appear that the defendant had any knowledge thereof, either actually or constructively. The advertisement was published until June 23, 1909, with defendant's consent, when it notified the club to:

"Please notice that we wish to have our advertisement discontinued until further notice."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No future direction for the insertion of the advertisement was thereafter given. The publication of the advertisement was continued in the Club Journal after June 23, 1909. The club never obligated itself to publish the advertisement, and in the absence of an obligation on its part, there being no other consideration shown, the so-called contract is wanting in mutuality, and is not enforceable. To constitute an agreement there must be a proposition by the one party and accepted by the other, and, when the parties are not together, the acceptance must be manifested by some appropriate act. At most, the printed order was a unilateral contract, or a mere offer which could be withdrawn by the defendant. In so far as the defendant's order had been executed up to June 23, 1909, the defendant was liable. But in so far as the order was executory and unfulfilled at the time of the notification to suspend the publication of the advertisement, the liability of the defendant to pay for future publications ceased.

Commercial Wood & Cement Co. v. Northampton Portland Cement Co., 115 App. Div. 388, 100 N. Y. Supp. 960, is a case where defendant appointed the plaintiff as its sole selling agent of the entire output of cement, and agreed to pay him a commission on all sales. The plaintiff did not make an agreement to make any sales or endeavor to make any. The court held the contract not binding. "There never could be any breach of this contract by the plaintiff, because, under it, the plaintiff did not obligate itself to do anything, and yet for five years it could be entitled to demand from the defendant a commission. * * * The contract contains no statement of the consideration, and the only consideration that could sustain it is mutual promise of the parties hereto; but in order that there should be such a consideration there must be promises or obligations assumed by both of the contracting parties." "There are many cases in which, although the offer is definite enough, yet the acceptor by merely accepting has really himself promised nothing in return, has not made himself liable for anything, so that although one is bound the other is not, and the engagement lacks what is called mutuality. In such a case there is not an enforceable agreement." 9 Cyc. 227.

In Levin v. Dietz, 194 N. Y. 376, 87 N. E. 454, 20 L. R. A. (N. S.) 251, it is held that the mere physical acceptance and the attempted enforcement by one party of a contract, unilateral in form, executed by another, does not make the former a party to and bound by the contract; and that specific performance of such a contract will be denied in the absence of mutuality of obligations and remedy in both parties to the contract. See, also, Booth v. Milliken, 127 App. Div. 522, 111 N. Y. Supp. 791, affirmed 194 N. Y. 553, 87 N. E. 1115; 194 N. Y. 601, 88 N. E. 1115.

Rafolovitz v. American Tobacco Co., 73 Hun, 87, 25 N. Y. Supp. 1036, is a case where the defendant corporation agreed to pay plaintiff a certain commission if the defendant would purchase from it a certain cigarette manufactured by the defendant. The plaintiff did not agree to purchase or sell any cigarettes. It was held that in the absence of such a reciprocal agreement the plaintiff could not enforce the promise of the defendant.

In Chicago & G. E. R. Co. v. Dane, 43 N. Y. 240, the defendants had offered to receive at New York and transport from New York to Chicago a certain quantity of goods. The plaintiff accepted the proposition; but it did not agree to deliver any goods for account of the plaintiffs. The Court of Appeals held that the contract was not binding because the plaintiff was not obligated to do anything, saying:

"There being no consideration for promise of the defendants, except the acceptance by the plaintiff, and that not binding it to furnish any iron for transportation unless it chose, it follows that there was no consideration for any promise of the defendants, and that the breach of such promise furnishes no foundation for an action."

The defendant paid in full for publishing the advertisement until June 23, 1909, and after that time its liability ceased.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.