### POST v. ALBERT FRANK & CO.

(Supreme Court, Appellate Term.   January 9, 1912.)

CONTRACTS (§ 22*)—OFFER—ACCEPTANCE—EFFECT.

An order for a specific number of insertions of an advertisement for a definite sum is accepted in toto by the commencement of publication of the advertisement; and the contract thereby becomes a binding bilateral contract, which neither party may cancel without the consent of the other.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 67–93, 104–108; Dec. Dig. § 22.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Lyman D. Post against Albert Frank & Co. From a judgment for plaintiff, after a trial without a jury, defendant appeals. Affirmed.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Alexander & Ash, for appellant.

Robert J. Mahon, for respondent.

PER CURIAM. The action was brought to recover the price alleged to have been agreed to be paid for certain advertising under the following order:

"New York City, Aug. 20, 1909.

"Publisher Paper Mill & Wood Pulp News, New York: Please insert the following order:

| Order. | Client. | Title of Advertisement. | Space. | Time. | Position. | Rate. |
| --- | --- | --- | --- | --- | --- | --- |
| Number 3808 | | Schlisische Cellulose etc. | 5 in. | every 3 weeks for 15 beg. at once | Good. | $229.50 less 2% cash 15 days |

"IMPORTANT: If rate or space is incorrect, *write* us at once, and we will be governed according to your acceptance. Copies of each publication must be forwarded same day adv. appears.

"Yours very truly,          Albert Frank & Co., per F. R."

After certain insertions had been made, defendant undertook to cancel the order. Plaintiff denied defendant's right so to do, and now sues for the full amount stated in the order, less a sum conceded to have been paid.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The order being for a definite and fixed sum and for a specific number of·advertisements or insertions, it must be deemed, in view of the language used, to have been accepted in toto by·the commencement of the advertisement, and that plaintiff thereby undertook to complete it. Having become a binding bilateral contract, defendant could not cancel it without plaintiff's consent. The part performance of an order for a definite number of insertions and for a definite amount necessarily implies an acceptance and an agreement to complete, as, unless completed, nothing would be earned. Mendell v. Willyoung, 42 Misc. Rep. 210, 85 N. Y. Supp. 647; Humphreys Mfg. Co. v. David Williams Co., 70 Misc. Rep. 354, 128 N. Y. Supp. 680. Cases such as White v. Allen Kingston Motor Car Co., 69 Misc. Rep. 627, 126 N. Y. Supp. 150, are not in conflict with·this rule, as there the part performance implied only an acceptance of the offer to pay according to the insertions. See per curiam opinion in North Side News Co. v. Michael Cypres, 132 N. Y. Supp. 806 (present term).

Judgment affirmed, with costs.