(94 Misc. Rep. 299)

BUTCHERS' ADVOCATE CO. v. BERKOF et al.

(Supreme Court, Appellate Term, First Department.   March 30, 1916.)

CONTRACTS ⊜⟶10(1)—UNILATERAL CONTRACTS—ENFORCEMENT.

A written instrument, reciting that defendants authorized the publisher of a newspaper to insert an advertisement for one year and thereafter until the publisher should have an order to discontinue, being unilateral, defendants may at any time, by order to stop insertion of the advertisement, free themselves from further liability; the publisher not agreeing to print the advertisement.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 40; Dec. Dig. ⊜⟶10(1).]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Butchers' Advocate Company against Jacob W. Berkof and another. From a judgment for plaintiff, and an order denying defendants' motion for new trial, defendants appeal. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Philip S. Glickman, of New York City, for appellants.

Leon Dashew, of New York City, for respondent.

LEHMAN, J.   The defendants, on or about August 1, 1914, signed a paper which reads as follows:

"Brooklyn, N. Y., August 1, 1914.
"Undersigned hereby authorizes the publishers of the Butchers' Advocate to insert our ad. to occupy ¼ page in Butchers' Advocate for one year and thereafter until publishers have order to discontinue the ad., for which we agree to pay $8.00 (eight dollars) per insertion.        Safety Auto Trolley,
"J. W. Berkof."

The plaintiff proceeded under this authorization to publish advertisements for the defendant. Some time in September the defendants notified the plaintiff to discontinue the advertisement, but the plaintiff nevertheless continued to insert same in each issue, and has recovered a judgment for the sum of $416, the price named for the insertion of the advertisement for one year.

This judgment is in direct conflict with the decision of this court in the case of White v. Allen Kingston Co., 69 Misc. Rep. 627, 126 N. Y. Supp. 150. In that case the defendant on April 6, 1909, signed a paper which is essentially in the same terms and must be given the same force as the paper signed by this defendant. The plaintiff in that case proceeded to publish the advertisement, but was notified, on June 23, 1909, to discontinue the advertisement. Nevertheless the plaintiff continued the publication thereafter. The court there held:

"The club never obligated itself to publish the advertisement; and, in the absence of an obligation on its part, there being no other consideration shown, the so-called contract is wanting in mutuality and is not enforceable. To constitute an agreement there must be a proposition by the one party and accept-

ance by the other; and, when the parties are not together, the acceptance must be manifested by some appropriate act. At most the printed order was a unilateral contract, or a mere offer, which could be withdrawn by the defendant. In so far as the defendant's order had been executed up to June 23, 1909, the defendant was liable; but, in so far as the order was executory and unfulfilled at the time of the notification to suspend the publication of the advertisement, the liability of the defendant to pay for future publications ceased."

If that case was correctly decided, then there can be no doubt but that the trial justice erroneously awarded a judgment for insertions after the time when the defendant notified the plaintiff to discontinue the publication.

The plaintiff does not attempt to distinguish that case in any way, but he relies upon the opinion of the Court of Appeals in the case of Grossman v. Schenker, 206 N. Y. 466, 100 N. E. 39, which was decided after the case of White v. Allen Kingston Motor Car Co., supra. The Court of Appeals in that case stated:

"Even when the obligation of a unilateral promise is suspended for want of mutuality at its inception, still, upon performance by the promisee, a consideration arises 'which relates back to the making of the promise, and it becomes obligatory.' * * * A contract includes, not only what the parties said, but also what is necessarily to be implied from what they said. * * * 'What is implied in an express contract is as much a part of it as what is expressed' * * * for 'the law is a silent factor in every contract.'"

These statements in the opinion of the Court of Appeals obviously do not lay down any new rule of law, but are statements of the well-established rules which that court found applicable to the case before them. They are not, however, applicable to the case before us. In this case the defendant in the written agreement merely authorizes the plaintiff to publish his advertisement for one year. The defendant at that time did not expressly nor impliedly in any form agree to do anything. It was evidently a mere offer or unilateral promise on the part of the defendant, which could ripen into a mutual contract only when the offer was accepted and the acceptance evidenced either by an express promise to perform or by performance. Neither of these elements exist in the present case. In North Side News Co. v. Michael H. Cypres, 75 Misc. Rep. 129, 132 N. Y. Supp. 806, and in Lyman D. Post v. Albert Frank & Co., 75 Misc. Rep. 130, 132 N. Y. Supp. 807, this court distinguished the case of White v. Allen Kingston Motor Car Co., supra, and held that it did not apply in those cases where there was either an express acceptance or an acceptance manifested by the acts of the parties.

We there held that an offer to pay a definite and fixed sum for the insertion of advertisements during a definite period will be deemed to be executed by the insertion of the advertisements authorized, for the offer cannot be subdivided, and the insertion of a single advertisement would therefore be evidence of an acceptance of the entire offer sufficient to bind the publishers. In this case, as well as in the case of White v. Allen Kingston Co., supra, the offer was merely to pay a certain sum per insertion, which was authorized for one year, and in such cases the past performance implied only an acceptance of the offer to pay according to the insertions. It follows that the plaintiff

is entitled to no recovery for insertions made after the defendants had notified it to cease publication.

Judgment should therefore be reversed, with $30 costs to the appellant, and a new trial ordered, at which trial the only issue will be at what date the offer of the defendants was canceled. All concur.