RAILROAD SERVICE AND ADVERTISING COMPANY, Appellant, *v.* LAZELL, PERFUMER, Respondent.

Second Department, March 3, 1922.

Contracts — mutuality — authorization by defendant to plaintiff to place certain advertising cards — acceptance of offer without agreement to comply with terms does not complete contract.

A complete and binding contract is not entered into by an authorization on the part of one person for the placing of advertising cards by another, which authorization obligates the one making it to pay the one to whom it is made for the services to be rendered, where the acceptance thereof does not obligate the person accepting to perform any service set forth in the authorization, but merely accepts the offer to pay a definite sum for the placing of the advertising cards, for such contract is lacking in mutuality.

Furthermore, it cannot be said that the acceptance of the offer implied an agreement to place the advertising cards where the acceptance expressly reserves the right to remove at any time all or any part of the advertising cards covered by the alleged authorization.

APPEAL by the plaintiff, Railroad Service and Advertising Company, from a judgment of the County Court of the county of Orange in favor of the defendant, entered in the office of the clerk of said county on the 26th day of May, 1921, upon an order granting defendant's motion for judgment on the pleadings dismissing the complaint.

*J. Harold McCord,* for the appellant

*Graham Witschief,* for the respondent.

Order and judgment of the County Court of Orange county affirmed, with costs, on the opinion of WIGGINS, County Judge.

BLACKMAR, P. J., KELLY, JAYCOX, MANNING and KELBY, JJ., concur.

The following is the opinion of the court below:

WIGGINS, County Judge:

Defendant made a motion for judgment on the pleadings upon the opening of the case, upon which decision was reserved with the understanding that certain proof should be taken, which was to be stricken out if the motion was subsequently granted. The sole question is whether the alleged contract, upon which the action is based, is enforcible, defendant claiming, among other things, it is lacking in mutuality.

It appears from the contract that the defendant merely authorized the plaintiff to render certain service for it in the form of advertising. It appears from the complaint that this authorization was accepted by the plaintiff in writing. Under the authorization, the defendant

clearly made certain agreements by which it obligated itself to make various payments to the plaintiff, but the difficulty with the contract lies in the fact that the plaintiff in its written acceptance failed to obligate itself to perform any of the service set forth in the defendant's authorization. It never promised and agreed to place the advertising cards in accordance with the terms of the authorization, and in the absence of such an agreement, the alleged contract is wanting in mutuality and cannot be enforced. (*White* v. *Kingston Motor Car Co.*, 69 Misc. Rep. 627; *Commercial Wood & Cement Co.* v. *Northampton P. C. Co.*, 115 App. Div. 388.)

A definite authorization may be made by one party to another, to do a certain thing, but the mere acceptance of such offer without a promise to in turn comply with the terms of that offer and to obligate the acceptor does not make a valid contract, for one is bound while the other is not. Such offer and acceptance would not constitute an enforcible contract because of lack of mutuality. (9 Cyc. 327.)

This is the precise situation presented by the alleged contract in the case at bar. The so-called acceptance of the plaintiff is entirely lacking in those words which show any agreement on its part to do anything. The acceptance of the offer to pay a definite sum for the placing of the advertising cards cannot even be said to imply that the plaintiff agreed to place the advertising, for paragraph 2 of the acceptance expressly reserves the right to the plaintiff to remove at any time all or any part of the advertising matter covered by the alleged contract. Under such an acceptance, the defendant would have no remedy against the plaintiff to enforce compliance with the offer, for the plaintiff has not in any manner agreed to do so.

The contract in question is lacking in mutuality and the motion for judgment made by the defendant upon the pleadings is granted.