## Alexander Hamilton Institute, Appellant, v. Irving Howard Jones, Appellee.

### Gen. No. 29,260.

CONTRACTS—*when writing is mere offer revocable after part performance by other party.* A writing in which defendant requested plaintiff to enroll him for a certain course in plaintiff's correspondence school, defendant to receive certain books, and instructions over a period of two years, for which he was to pay $120 in monthly instalments of $10, was a mere offer which defendant could revoke as to any portion remaining unaccepted, and where defendant within a reasonable time gave notice of his revocation and returned the books which he had received, the writing did not ripen into a mutual contract and plaintiff could not maintain an action thereon.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. WILLIAM R. FETZER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Affirmed. Opinion filed October 20, 1924. Rehearing denied November 3, 1924.

THOMAS J. YOUNG, for appellant.

CLARENCE A. SAMUEL, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by plaintiff from a judgment of *nil capiat* entered on a finding by the court in a suit on an alleged contract signed by defendant. Plaintiff is a corporation giving instruction in business courses and service, with its office in New York City. It claims that the defendant signed an "enrollment" for a course in service, agreeing to pay therefor $10 monthly until $120 was paid. Ten dollars was paid by defendant and no more, and plaintiff brought this suit to recover the balance of $110 with interest. The

writing on which plaintiff bases this claim is, in the important particulars, as follows:

"Please enroll me for your Modern Business Course and Service, extending over a period of two years from the date of enrollment and including:

"Modern Business Text—twenty-four bound volumes, containing a digest of present day business principles and practice—forwarded immediately express paid.

"Modern Business Talks—directing reading of text —one every two weeks.

"Modern Business Lectures—the experience of prominent business men—one every month.

"Modern Business Problems—Actual business problems, solutions to which will be reviewed—one every month.

"Modern Business Service—Answers to all inquiries in connection with the course; four Modern Business Reports and Letters on Business Conditions —one every month.

"In consideration of my enrollment for the above course and service, I agree to pay to your order the sum of $120, $10 monthly.

Signature,   IRVING HOWARD JONES.

"Business position, sales manager with Illinois Motor Inc.

"Business address, 2530 S. Michigan Ave., Chicago, Ill.

"Residence, 6447 Ellis Avenue.

"Send course to residence.   Date October 16, 1917.

"Application with payment of $10, received by S. D. Camper, representative.

"Note—All payments (except first, which should be made to representative at time of giving application) are to be sent by mail to the order of Alexander Hamilton Institute.   Should any part of the balance remain due and unpaid for sixty days the entire balance becomes immediately due and payable.   This contract is not subject to revocation; no reduction or allowance will be made on account of refusal or inability to enter upon or continue the course; no modi-

fications or conditions, except as herein expressed in writing, will be recognized. The retention of this application by the institute denotes its acceptance.''

October 19, 1917, the twenty-four bound volumes mentioned in this enrolment were shipped to defendant. December 12, 1917, defendant wrote to plaintiff, saying that because he had lost his business position it would be impossible for him to continue payments on the course and asked for advices concerning the disposition of the books. A number of letters followed between the parties, which produced no definite understanding, and subsequently defendant returned the books to plaintiff.

On the face of the paper it is merely an offer by defendant and not enforceable until accepted by plaintiff so as to bind it to perform. It is what is sometimes called a unilateral contract void for want of mutuality. *Vogel v. Pekoc*, 157 Ill. 339. This seems to be conceded by plaintiff, but it is urged that part performance by the offeree, the plaintiff here, makes it a binding contract upon both parties. This is a broad statement of the rule. In writings of this sort the offeree may be bound in either of three ways: (1) by the offeree engaging, within a reasonable time, to perform the contract; (2) ''by beginning such performance in a way which would bind him to complete it; and (3) by actual performance.'' *Plumb v. Campbell*, 129 Ill. 101.

The question then is, did plaintiff, by shipping the books to defendant, which was the first of a series of things to be performed by it, begin such performance in a way which would bind it to complete the contract?

The question involved is not free from difficulty. It has been the subject of discussion by text-writers and there is no uniformity of opinion in the decided cases. The right of the offerer to revoke his offer, even after part performance by the offeree, has the support of a considerable number of cases. *Biggers v. Owen*, 79 Ga. 658; *Lascelles v. Clark*, 204 Mass. 362; *Smith v.*

*Cauthen*, 98 Miss. 746; *Stensgaard v. Smith*, 43 Minn. 11; *Cook v. Casler*, 87 App. Div. 8, 83 N. Y. Supp. 1045; *White v. Allen Kingston Motor Car Co.*, 69 Misc. 627, 126 N. Y. S. 150; *Butchers' Advocate Co. v. Berkof*, 94 Misc. 299, 158 N. Y. S. 160; *North Side News Co. v. Cypres*, 75 Misc. 129, 132 N. Y. S. 806; *Post v. Albert Frank & Co.*, 75 Misc. 130, 132 N. Y. S. 807. Williston in his work on Contracts says that in the cases where the offerer has been held bound it is not clear upon what theory this conclusion was reached. Vol. 1, p. 104. Quoting from Williston on Contracts, vol. 1, p. 100, sec. 60:

"It seems impossible on theory successfully to question the power of one who offers to enter into a unilateral contract to withdraw his offer at any time until performance has been completed by the offeree, though obvious injustice may arise in such a case. * * * After the offeree has begun to perform under such an offer he may unquestionably stop performance halfway if he concludes that after all he does not care to enter into the contract, and if the offerer also may not revoke at that time he is bound by a promise for which he has not received, and may never receive, the consideration requested, since the whole transaction is still optional with the offeree."

This seems in accord with justice.

We are of the opinion that this writing was an offer by defendant to make periodical payments in consideration of a series of acts to be done by the plaintiff from time to time, and that an offer of this divisible character may be revoked not only before any acceptance but also as to any portion of the offer still unaccepted. Defendant here within a reasonable time gave notice of his revocation of the writing and returned the books. The writing never ripened into a mutual contract binding upon both parties, therefore plaintiff could not maintain an action thereon, and the

conclusion of the court finding the issues against plaintiff was right and the judgment thereon is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.