DORRANCE, SULLIVAN & COMPANY, Respondent, *v.* BRIGHT STAR BATTERY COMPANY, INC., Appellant.

First Department, March 30, 1928.

Contracts — mutuality — action to recover commission under alleged advertising contract — contract was lacking in mutuality and is mere option to place advertising with plaintiff at certain rates during stated period — complaint dismissed.

The defendant wrote to the plaintiff as follows: " We desire to do our advertising through you and this letter is to employ you as our advertising agents and merchandising advisors. We authorize you to plan, prepare and place our advertising in accordance with our approval on the following basis, covering the period of your employment under the terms of this letter." The letter also contained a statement of the amount of commission the plaintiff was to charge and recited that " these relations are understood to be mutually confidential and to remain so during the entire period of employment, which is to begin with the acceptance of this letter by you and to continue in force for one year from date and thereafter until discontinued by 90 days' notice in writing, given by either party." The plaintiff accepted the offer in writing. The letter was dated September 10, 1925, and on February 1, 1927, the defendant notified plaintiff of its election to discontinue and thereafter no advertising was placed

through plaintiff. Plaintiff seeks commission on advertising done for ninety days following the service of notice.

The letter and its acceptance do not constitute a contract for they lack mutuality in that they do not bind either party to any definite obligation. The transaction amounts merely to an option to place advertising with the plaintiff during a certain period at commission rates specified in the letter but does not make the plaintiff an exclusive agent of the defendant for advertising purposes and no intent to do so is shown by the letter and its acceptance. The word " accepted " written across the lower part of the letter and signed by the plaintiff does not bind it to any definite obligations.

Accordingly, it was error to deny defendant's motion to dismiss the complaint.

PROSKAUER and MERRELL, JJ., dissent, with memorandum.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 2d day of November, 1927.

*A. H. Goodman,* for the appellant.

*Alfred A. Walter* of counsel [*Walter & Wolff,* attorneys], for the respondent.

McAVOY, J. The action which this complaint states was commenced to recover commissions which plaintiff claims it would have earned under an advertising contract if defendant had not breached it.

The contract is in the form of a letter directed to plaintiff and recites as its opening clause, as follows: " We desire to do our advertising through you and this letter is to employ you as our advertising agents and merchandising advisors. We authorize you to plan, prepare and place our advertising in accordance with our approval on the following basis, covering the period of your employment under the terms of this letter."

Then follows a paragraph setting forth the amount of commissions that plaintiff is to charge for the various kinds of advertising and a statement that various papers, such as contracts, books and correspondence relating to defendant's business are to be open to auditors of defendant during business hours. Thereafter it is recited that " these relations are understood to be mutually confidential and to remain so during the entire period of employment, which is to begin with the acceptance of this letter by you and to continue in force for one year from date and thereafter until discontinued by 90 days' notice in writing, given by either party." This proposal was accepted at its foot by plaintiff signing its corporate name by its president. It was dated September 10, 1925, and the relations between the parties continued thereafter, defendant employing the plaintiff exclusively to do all its advertising from that date until the 1st day of February, 1927, almost

a year and a half. When defendant gave written notice to plaintiff, pursuant to the terms of the contract, that it elected to cancel the contract as of ninety days later, to wit, May 1st of that year, 1927, plaintiff was no longer employed to do defendant's advertising relating to its business set out in the letter, but defendant ceased their advertising through plaintiff and employed others to the extent set forth in schedules annexed to the complaint. The amounts of this advertising were over $21,000 upon which plaintiff's commissions would have been over $3,100 if this advertising during the ninety days' period, after notice of cancellation, had been placed through the plaintiff.

We hold that this letter is a mere option to place advertising with the plaintiff during the period described at certain rates; that it lacks mutuality and is not enforcible against either party, because it does not bind either or both of them to any definite or ascertainable obligations.

Defendant in this letter merely asserts that it desires to employ the plaintiff as its advertising agent, but no offer to do all its advertising through plaintiff or to give it any specific amount of advertising is contained in the letter. The word " accepted " written across the lower face of the letter does not bind plaintiff to any definite obligation. Nothing contained in the paper states that defendant makes plaintiff its exclusive advertising agent, and unless an intent to create an exclusive agency is obvious a construction finding such intent will not be given to the memorandum.

The defendant cites a recent decision in the Court of Appeals in *Strauss* v. *Ernstein* (232 N. Y. 187) which rules that an agreement should not be interpreted as exclusive and as depriving one party of natural rights unless such feature is clearly expressed. It announces: " The letter ought not to be interpreted as between defendants and the Pawtuxet Company as depriving the latter of the right to exercise its choice in marketing its goods unless such intent is clearly expressed. We do not find it thus expressed. * * * The words ' All sales are to be made through us ' do not in our opinion confer any such right as defendants claim."

The minds of these parties apparently did not meet on any definite quantity of business which one party agreed to furnish during a stated period and the other party agreed to handle. Nothing is promised which would prevent the defendant from dealing with other agencies. The phrase: " We desire to do our advertising through you " is indefinite. It cannot have the significance of granting an exclusive agency. The letter is a mere unilateral offer which arranged the fees and commissions in advance for a period of one year, subject to cancellation. Its design was

to obviate the need of making new financial arrangements every time any business was done between the contracting parties. There was nothing in the instrument which imports an obligation on plaintiff's part to accept business from defendant, but when it did so, then the fees and commissions fixed by the letter are controlling to the extent of such work as was received and accepted. There was a binding and unilateral contract with respect to the sums to be paid when advertising was sent and accepted. There was nothing exhibited here which bound defendant to supply the plaintiff with any definite amount of work, and plaintiff placed itself under no obligation to perform any specific amount of work. Thus, where no work was sent or accepted, there was no mutual obligation out of which a contract could arise.

In *Railroad Service & Advertising Co.* v. *Lazell* (200 App. Div. 536) the alleged agreement consisted of an offer to place advertising cards and the mere acceptance in writing of the offer by the plaintiff of the alleged contract was held void because lacking in mutuality. A proper recital of the effect of that ruling reads: " Where defendant merely authorized plaintiff to render certain service in the form of advertising, and such authorization was accepted by the plaintiff in writing, the contract was lacking in mutuality and was not enforcible; the plaintiff having failed in the written acceptance to obligate itself to perform any of the service set forth in the authorization."

The court stated the rule to be: " A definite authorization may be made by one party to another, to do a certain thing, but the mere acceptance of such offer without a promise to in turn comply with the terms of that offer and to obligate the acceptor does not make a valid contract, for one is bound while the other is not. Such offer and acceptance would not constitute an enforcible contract because of lack of mutuality. (9 Cyc. 327.) This is the precise situation presented by the alleged contract in the case at bar. The so-called acceptance of the plaintiff is entirely lacking in those words which show any agreement on its part to do anything. The acceptance of the offer to pay a definite sum for the placing of the advertising cards cannot even be said to imply that the plaintiff agreed to place the advertising, for paragraph 2 of the acceptance expressly reserves the right to the plaintiff to remove at any time all or any part of the advertising matter covered by the alleged contract. Under such an acceptance, the defendant would have no remedy against the plaintiff to enforce compliance with the offer, for the plaintiff has not in any manner agreed to do so."

As we find no cause alleged to which defendant need respond, we hold that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

DOWLING, P. J., and FINCH, J., concur; MERRELL and PROSKAUER, JJ., dissent.

PROSKAUER, J. (dissenting). I dissent upon the ground that the agreement of September 10, 1925, by fair interpretation constituted the plaintiff the exclusive advertising agent of the defendant.

MERRELL, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.