SAMUEL P. WHITE, Respondent, *v.* JOHN W. CORLIES and JONATHAN N. TIFFT, Appellants.

In order to constitute an agreement, there must be a proposition by the one party accepted by the other ; and when the parties are not together, the acceptance must be manifested by some appropriate act, and the manifestation put in the proper way of reaching the proposer; a mere mental determination to accept, not indicated by speech, or put in course of indication by act, is not an acceptance. Nor does an act, which in itself, is no indication of acceptance, become such because accompanied by an unevinced mental determination.

Plaintiff, a builder in New York, received from defendants the following note: "Upon an agreement to finish the fitting up of offices 57 Broadway in two weeks from date, you can commence at once." No reply was sent, but plaintiff immediately purchased lumber for the work and began to prepare it. The next day the note was countermanded.

*Held*, that the purchase of, and work upon the lumber were not acts indicative to defendants of acceptance, as they were as appropriate for any other like work, and made no binding contract between the parties.

(Argued November 17th, 1871; decided November 20th, 1871.)

APPEAL from judgment of the General Term of the first judicial district, affirming a judgment entered upon a verdict for plaintiff.

The action was for an alleged breach of contract.

The plaintiff was a builder, with his place of business in Fortieth street, New York city.

The defendants were merchants at 32 Dey street.

In September, 1865, the defendants furnished the plaintiff with specifications, for fitting up a suit of offices at 57 Broadway, and requested him to make an estimate of the cost of doing the work.

On September twenty-eighth the plaintiff left his estimate with the defendants, and they were to consider upon it, and inform the plaintiff of their conclusions.

On the same day the defendants made a change in their specifications and sent a copy of the same, so changed, to the plaintiff for his assent under his estimate, which he assented to by signing the same and returning it to the defendants.

On the day following the defendants' book-keeper wrote the plaintiff the following note :

> "NEW YORK, *September* 29th.
>
> " *Upon an agreement* to finish the fitting up of offices 57 Broadway in two weeks from date, you can begin at once.
>
> " The writer will call again, probably between five and six this P. M.
>
> > " W. H. R.,
> > " For J. W. CORLIES & Co.,
> > " 32 Dey street."

No reply to this note was ever made by the plaintiff; and on the next day the same was countermanded by a second note from the defendants.

Immediately on receipt of the note of September twenty-ninth, and before the countermand was forwarded, the plaintiff commenced a performance by the purchase of lumber and beginning work thereon.

And after receiving the countermand, the plaintiff brought this action for damages for a breach of contract.

The court charged the jury as follows : " From the contents of this note which the plaintiff received, was it his duty to go down to Dey street (meaning to give notice of assent), before commencing the work ? "

" In my opinion it was not. He had a right to act upon this note and comence the job, *and that was a binding contract between the parties.*"

To this defendants excepted.

*L. Henry,* for appellants. The manifestion of assent must be such as tends to give notice to proposing party. (*Mactiers* v. *Frith,* 6 John., 103 ; *Vasser* v. *Camp,* 11 N. Y., 441.)

*Mr. Field,* for respondent. Not necessary that the fact of concurrence by one party should be made known to the other. *Mactiers* v. *Frith,* 6 Wend., 103, 117.) An agent acting, apparent authority binds the principal. (Story on Agency,

§ 443 ; *Clark* v. *Metropolitan Bank,* 3 Duer, 241 ; *Mechanics' Bank* v. *N. H. R. Road,* 13 N. Y., 599 ; *Farmers' and Mechanics' Bank* v. *B. and D. Bank,* 16 N. Y., 125 ; *Dunning* v. *Roberts,* 35 Barb., 463 ; *Cornell* v. *Maston,* 35 Barb., 157 ; *Witbeck* v. *Schuyler,* 44 Barb., 469.)

Folger, J.   We do not think that the jury found, or that the testimony shows, that there was any agreement between the parties, before the written communication of the defendants of September thirtieth was received by the plaintiff. This note did not make an agreement.   It was a proposition, and must have been accepted by the plaintiff before either party was bound, in contract, to the other.   The only overt action which is claimed by the plaintiff as indicating on his part an acceptance of the offer, was the purchase of the stuff necessary for the work, and commencing work, as we understand the testimony, upon that stuff.

We understand the rule to be, that where an offer is made by one party to another when they are not together, the acceptance of it by that other must be manifested by some appropriate act.   It does not need that the acceptance shall come to the knowledge of the one making the offer before he shall be bound.   But though the manifestation need not be brought to his knowledge before he becomes bound, he is not bound, if that manifestation is not put in a proper way to be in the usual course of events, in some reasonable time communicated to him.   Thus a letter received by mail containing a proposal, may be answered by letter by mail, containing the acceptance.   And in general, as soon as the answering letter is mailed, the contract is concluded.   Though one party does not know of the acceptance, the manifestation thereof is put in the proper way of reaching him.

In the case in hand, the plaintiff determined to accept. But a mental determination not indicated by speech, or put in course of indication by act to the other party, is not an acceptance which will bind the other.   Nor does an act, which, in itself, is no indication of an acceptance, become such,

because accompanied by an unevinced mental determination. Where the act uninterpreted by concurrent evidence of the mental purpose accompanying it, is as well referable to one state of facts as another, it is no indication to the other party of an acceptance, and does not operate to hold him to his offer.

Conceding that the testimony shows, that the plaintiff did resolve to accept this offer, he did no act which indicated an acceptance of it to the defendants. He, a carpenter and builder, purchased stuff for the work. But it was stuff as fit for any other like work. He began work upon the stuff, but as he would have done for any other like work. There was nothing in his thought formed but not uttered, or in his acts that indicated or set in motion an indication to the defendants of his acceptance of their offer, or which could necessarily result therein.

But the charge of the learned judge was fairly to be understood by the jury as laying down the rule to them, that the plaintiff need not indicate to the defendants his acceptance of their offer; and that the purchase of stuff and working on it after receiving the note, made a binding contract between the parties. In this we think the learned judge fell into error.

The judgment appealed from must be reversed, and a new trial ordered, with costs to abide the event of the action.

All concur, but ALLEN, J., not voting.

Judgment reversed, and new trial ordered.