(20 Misc. Rep. 547.)

## WILSON et al. v. IMPERIAL ELECTRIC LIGHT CO.

(Supreme Court, Appellate Term. July 1, 1897.)

PAROL EVIDENCE—WRITTEN CONTRACT.

Letters which passed between the parties to a contract, containing an offer, and an acceptance thereof upon conditions, no assent to which anywhere appears, do not constitute an agreement in writing, which cannot be varied by parol evidence.

Appeal from city court of New York, general term.

Action by Peter K. Wilson and others against the Imperial Electric Light Company to recover upon an oral agreement whereby the defendant undertook to accept return of part of a number of electric lamps installed at the plaintiffs' place of business at their request, and to refund an equal proportion of the aggregate price paid. From a judgment of the general term affirming judgment for plaintiffs (45 N. Y. Supp. 1151, mem.), defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thos. J. Ritch, Jr., for appellant.

Frederick E. Anderson and Wilder & Anderson, for respondents.

BISCHOFF, J. The exceptions urged for reversal are without merit, and the judgments of the court below should be affirmed. The appellant bases its claim of error in the recovery (which proceed-

ed, against objection, upon oral evidence of an agreement by the appellant to accept return of part of a number of electric lamps supplied to the respondents, and to refund an equal proportion of the aggregate price paid) upon the untenable assumption that that correspondence between the parties immediately preceding the installation of the lamps constituted an agreement, to which class of written instruments, only, the rule inhibiting the introduction of oral evidence tending to contradict, add to, or vary the terms applies.    This proposition is elementary.    Greenl. Ev. § 276; Underh. Ev. § 205; 2 Jones, Ev. § 437; Browne, Par. Ev. 13; Benj. Sales, § 323, and note.    All the cases cited by counsel for the appellant are in harmony therewith.    The correspondence alluded to consisted of two letters,—the first, from the appellant to the respondents, pursuant to which the former offered to install the lamps upon terms specified; and the second, from the respondents to the appellant, whereby the respondents acceded to the terms proposed, but conditionally only, to wit, "with the proviso that, if the lamps are not satisfactory," the appellant would further "agree to remove them free of charge," and supply a "written contract from the Edison Company to furnish carbons free of charge, and to send a man each day to trim lamps," and secure a "certificate from the board of fire underwriters."    No acceptance, in writing, by the appellant, of the conditions imposed by the respondents, anywhere appeared.    The constituent of an agreement, therefore, the aggregatio mentium, or mutual assent of the parties, was not apparent (White v. Corlies, 46 N. Y. 467) from the writing before the court. "The acceptance of an offer must be absolute and unqualified, for, until there is such an acceptance, the negotiations of the parties amount to nothing more than proposals and counter proposals."    3 Am. & Eng. Enc. Law, 852.    Quite to the contrary, it did appear from the writing that the minds of the parties had not met.

Judgments of the general and trial terms of the court below affirmed, with costs.    All concur.