(121 App. Div. 187)

NORTHEASTERN CONST. CO. v. TOWN OF NORTH HEMPSTEAD et al.

(Supreme Court, Appellate Division, Second Department.   July 23, 1907.)

CONTRACTS—ACCEPTANCE OF OFFER—WITHDRAWAL.

The board of highway commissioners of a town advertised for bids for the erection of a bridge according to certain plans and specifications, which included two plans, one for a four and the other for a five span bridge. Plaintiff submitted a bid for each style of bridge, inclosing, as required, a certified check. On the receipt of the bids the commissioners in joint session with the town board adopted a resolution that the secretary notify plaintiff that his bid for the construction of the bridge be accepted, conditioned upon leave being granted by the board of supervisors to issue bonds of the town in the sum of $20,000. Before any steps had been taken to notify plaintiff of the acceptance of his bid, plaintiff notified the commission by telegram not to consider his bid, and also sent them a letter in which he claimed to have made an error in the bids and withdrawing them. *Held*, that there was no acceptance of plaintiff's bid which would bind him, and he was entitled to a return of the deposit made when the bid was submitted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, § 57.]

Submission of controversy by the Northeastern Construction Company against the town of North Hempstead and others, on an agreed statement of facts under Code Civ. Proc. § 1279 et seq., for the recovery of money deposited with defendant on the submission of certain bids by plaintiff. Judgment directed for plaintiff.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Ernest A. Cardozo (Michael H. Cardozo, Jr., on the brief), for plaintiff.

George B. Stoddart, for defendants.

WOODWARD, J. The parties to this action have submitted an agreed state of facts, under the provisions of sections 1279 to 1281 of the Code of Civil Procedure, and must be deemed to have waived all technical questions and to have asked the court for a determination of their rights under the facts as thus stated. The board of h'ghway commissioners of the town of North Hempstead, on or about the 10th day of June, 1906, published a notice requesting the submission of bids for the erection of a concrete steel bridge over Udall's mill pond at Great Neck, Nassau county. The notice stated, among other things, where the plans and specifications could be found, and that a certified check for the sum of $1,000 must be delivered with each bid. The plaintiff procured a copy of the plans and specifications, which included, in fact, two plans, one for a four-span bridge and the other for a five-span bridge, and with these plans and specifications before it, on the 3d day of July, 1906, wrote and forwarded a letter, the material portion of which reads as follows:

"For the sum of twenty-three thousand nine hundred and fifty-nine dollars ($23,959) we will furnish all materials and labor, and build complete a concrete steel arch bridge of five spans across Udall's mill pond," etc., and "for the sum of twenty-two thousand two hundred dollars ($22,200) we will furnish all materials and labor and build a four-span concrete steel arch bridge across Udall's mill pond."

With this letter was a certified check for the sum of $1,000. On the same day the said board of highway commissioners, in joint session with the town board of the town of North Hempstead, adopted a resolution:

"That the secretary notify the Northeastern Construction Company that their bid for construction of the bridge across Udall's pond, Great Neck, be accepted, conditioned upon leave being granted by the board of supervisors to issue bonds of the town in the sum of $20,000."

On the morning of the 5th day of July, and before the defendants had taken any steps to communicate this alleged acceptance to the plaintiff, the latter sent a telegram to one of the members of the board of highway commissioners, and to the engineer of such board, not to consider the bid, saying that a letter would follow, and subsequently a letter was duly sent and received by the commissioners, in which the plaintiff claimed to have made an error in each of the two bids aggregating $10,000, and withdrawing the bid. The plaintiff refusing to abide by its bid, the contract was let to the next lowest bidder at a price considerably higher than that of the plaintiff, and the de-

fendants then procured the certified check to be cashed, and they have refused to return the same to the plaintiff, though the same has been demanded.  The plaintiff seeks to recover the amount of the check, with interest.

We are of the opinion that the plaintiff is entitled to a return of the deposit.  The defendants did not absolutely accept the plaintiff's bid.  The acceptance depended upon a contingency which the plaintiff was not asked to consider in making its bid.  The defendants were not bound to take any steps to bring about the action of the board of supervisors, and if they had refused or neglected to have done so, or if the board, in the exercise of its discretion, had refused to grant the right, the defendants could not have been held to any degree of liability to the plaintiff, and it is elementary in contract law that both parties must be bound.  So that at the time of the plaintiff's telegram, and at the time its letter was written, there was no valid or binding contract, and so long as there was not a valid contract the plaintiff was free to withdraw its proposition, without sacrificing the deposit which it had been compelled to make as a condition of bidding.  But beyond this it is difficult to understand how the plaintiff could be said to have been bound.  Two bids were asked for, two bids were made, and there was but one bridge to be constructed.  The general resolution of acceptance of the plaintiff's proposition was not entering into a contract for the construction of a four or five span bridge.  It was merely a notification that both of the bids were lower than other bids, but the contract was yet to follow; and this was clearly contemplated by the form which was given out for such a contract, in company with the plans and specifications.

In justice and equity the plaintiff is entitled to a return of its money under the facts disclosed, and judgment should be entered accordingly.

Judgment for plaintiff on submission of controversy, with costs.  All concur.