## WARD v. TEXTILE COMMISSION CO.

(Supreme Court, Appellate Division, First Department.   June 24, 1910.)

1. EVIDENCE (§ 419*)—PAROL EVIDENCE—"CONSIDERATION" OF CONTRACT.

  A promise by one party to a contract not under seal to do or refrain from doing some act before the other party to the contract is to be obligated to perform is the consideration for the contract, and may be proved by parol.

  [Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1922; Dec. Dig. § 419.*

  For other definitions, see Words and Phrases, vol. 2, pp. 1444–1449; vol. 8, p. 7612.]

2. CONTRACTS (§ 83*)—CONSIDERATION—"FAILURE OF CONSIDERATION."

  The failure of a party to a contract to fulfill his promise to do or refrain from doing some act before the other party is to be obligated to perform is a failure of consideration, and relieves the other party from performing.

  [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 388–398; Dec. Dig. § 83.*

  For other definitions, see Words and Phrases, vol. 3, p. 2647.]

3. BILLS AND NOTES (§ 489*)—ACTIONS—DEFENSES.

  An answer in an action on defendant's acceptance of a draft, which alleged that defendant accepted the draft subject to an express agreement between himself, the drawer, and payee that prior to the acceptance defendant had been acting as factor of the drawer in the sale of goods manufactured by the drawer under an agreement by which defendant advanced money to the drawer in consideration of the delivery to defendant of the goods manufactured, that the payee agreed with the drawer that, if the latter would procure the acceptance of the draft by defendant, the payee would refrain from foreclosing a mortgage on the property of the drawer, and permit the drawer to manufacture and deliver to defendant goods to secure the acceptance of the draft, and that defendant, relying on the agreement, accepted the draft without receiving any other consideration, etc., was sufficient to admit evidence that the payee authorized the drawer to induce defendant to accept the draft on the understanding that the payee would, to enable the drawer to manufacture and deliver goods to defendant to secure defendant on the acceptance, refrain from taking any steps to foreclose the mortgage, and, on proof of the acceptance by defendant and reliance on the promise and failure to perform by the payee, defendant was relieved from liability on the ground of failure of consideration.

  [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 489.*]

  Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Charles M. R. Ward against the Textile Commission Company.   From a judgment for plaintiff entered on a directed verdict, defendant appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

John B. Doyle (Dudley Davis, on the brief), for appellant.
Percy S. Dudley, for respondent.

LAUGHLIN, J.   This action is brought to recover on the defendant's acceptance of a draft, bearing date the 2d day of December, 1908,

drawn upon it by the Bessemer City Cotton Mills, for the payment of $2,500 to the Mercantile Trust & Deposit Company four months after date. The draft was assigned to plaintiff by the payee after maturity. On the trial the plaintiff proved the draft, the acceptance, the amount due, and the assignment, and rested. The defendant then offered to prove the facts set up in its answer as a separate and distinct defense. The court, on objection interposed by the plaintiff, excluded the evidence as immaterial and insufficient in law to constitute a defense, and the defendant excepted.

The material parts of the separate defense pleaded may be stated briefly as follows: That the defendant accepted the draft or bill of exchange "in pursuance of and subject to an express agreement between" the drawer and payee thereof and the defendant "the terms whereof are hereinafter more particularly set forth"; that prior to the acceptance the defendant was acting as factor, or commission merchant or agent of the drawer of the draft in the sale of goods manufactured by it under an agreement between them by which it was provided that the defendant should advance to or on behalf of the drawer of the draft, in consideration of the delivery to the defendant of the goods manufactured by said drawer, certain moneys fixed in accordance with the market value of the goods in the defendant's possession or for its account; that, pursuant to said agreement, the defendant had advanced prior to the acceptance of the draft on goods then in its possession under said agreement more than $10,000 in excess of the moneys so agreed to be advanced by defendant to the knowledge of the plaintiff's assignor; that, at the time in question, the plaintiff's assignor was the owner and holder as trustee of first-mortgage bonds of the drawer of the draft of the par value of $60,000, secured by a mortgage which was a first lien on its real property and plant at Bessemer City, N. C., the principal of which was past due, and that interest and insurance premiums aggregating $2,500 were also due and unpaid, on account of which default plaintiff's assignor had the right to sell the real property and plant of the drawer of the draft and to begin legal proceedings for the enforcement of its mortgage lien; that, with full knowledge that the defendant had advanced considerable sums of money in excess of the amount agreed to be advanced by it on the goods in its possession, the plaintiff's assignor "represented, promised, and agreed to and with" the drawer of the draft that, if the drawer would procure the acceptance of the draft or bill of exchange by the defendant, it would forbear and refrain from foreclosing under the mortgage, and would desist and refrain from taking any steps by legal proceedings or otherwise to enforce the collection of said principal, interest, and insurance premiums, and would "by so forbearing, desisting and refraining permit" the drawer of the draft to resume the operation of its said plant for the manufacture of goods, and would permit it to manufacture and deliver to the defendant "additional goods wherewith to secure the acceptance of the said draft or bill of exchange * * * until a reasonable time had elapsed after the acceptance by the defendant of the said draft or bill of exchange and after the maturity thereof"; that "the aforesaid repre-

sentations, promises, and agreement of plaintiff's assignor * * * were prior to the 2d day of December, 1908, communicated to the defendant at the instance and request of" plaintiff's assignor, which on and prior to said day "well knew that the same had been communicated to this defendant" by the drawer of the draft; that "defendant, relying upon and induced by said representations, promises, and agreement by the said Mercantile Trust & Deposit Company and on the faith thereof, accepted the draft or bill of exchange" without receiving any other consideration or value therefor than said promise and agreement on the part of the plaintiff's assignor, "communicated at its request to the defendant as aforesaid"; that the draft was thereupon accepted by the defendant and delivered to the drawer thereof, and was delivered to and received by the plaintiff's assignor "upon and subject to each and every the terms and conditions of the aforesaid representations, promises, and agreement of the said Mercantile Trust & Deposit Company"; that the plaintiff's assignor failed to perform its said promise and agreement, and prior to the maturity of the draft instituted and continued legal proceedings to foreclose said mortgage, and on the 25th day of January, 1909, it sold, or caused to be sold, the premises covered by the mortgage, in consequence of which the drawer of the draft was wholly prevented from carrying on its business of manufacturing cotton goods, and from delivering to the defendant or for its account "any goods in consideration or as security for the acceptance by the defendant of the draft or bill of exchange"; that "thereby the consideration of the acceptance by the defendant of the aforesaid draft or bill of exchange by reason of the breach of its said agreement on the part of the Mercantile Trust & Deposit Company wholly failed, and the defendant received for the same no value whatsoever"; that neither the plaintiff nor his assignor gave any consideration or parted with any value for the draft; that plaintiff's assignor "was at the time of the drawing of said draft or bill of exchange and the acceptance thereof fully cognizant of the facts and circumstances under which the defendant accepted the same"; and that the plaintiff, in taking an assignment of the draft after maturity, took the same subject to all equities and defenses.

The law is now well settled that a promise or agreement by one party to a contract not under seal to do or refrain from doing some act or thing before the other party to the contract is to be obligated to perform is the consideration for the contract, and may be shown by parol, and that failure to fulfill the promise or to perform the agreement constitutes a failure of consideration, and relieves the other party from performing. Bookstaver et al. v. Jayne, 60 N. Y. 146. Bookstaver et al. v. Jayne, supra, is controlling authority in this case in favor of the defendant, provided the allegations of the separate defense are sufficient to show that the agreement by the plaintiff's assignor was in effect made with the defendant. That is the only debatable question.

We are of opinion that the allegations are sufficient to admit evidence to show that the plaintiff's assignor authorized the drawer of the draft in its behalf to induce the defendant to accept the draft on

the condition and understanding that the plaintiff's assignor would, to enable the drawer of the draft to manufacture and deliver goods to the defendant to secure the defendant on said acceptance, refrain from taking any steps to foreclose the mortgage until after the maturity of the draft. On proof that plaintiff's assignor authorized the drawer of the draft to make the offer to defendant and on proof of acceptance by defendant in reliance on the promise and agreement, a valid contract between the defendant and plaintiff's assignor would be established (White v. Corlies, 46 N. Y. 467), and, on proof of failure to perform the promise or agreement, the defense of failure of consideration would be established, and it would also seem that the payee of the draft would be estopped from enforcing the acceptance.

It follows, therefore, that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

McLAUGHLIN, SCOTT, and DOWLING, JJ., concur.

INGRAHAM, P. J. (dissenting). The defendant admits accepting this draft, admits that it was not paid and that it was protested; and the only question presented is whether the defense pleaded was sufficient. The defense is that this draft was given to the plaintiff's assignor, the Mercantile Trust & Deposit Company, in pursuance of a contract between the trust company and the drawer of the draft, the Bessemer City Cotton Mills, whereby it was agreed that the trust company, which was the owner of a large amount of the bonds of the mills company secured by a mortgage upon its property which it was entitled to enforce and also a creditor of the company, agreed with the drawer of the draft and that, if the drawer would procure the acceptance of the draft or bill of exchange by the defendant, the trust company would forbear and refrain from foreclosing under the mortgage, and would desist and refrain from taking any further steps either by legal proceedings or otherwise to enforce the collection of the money due it, and would permit the drawer of the draft, the mills company, to resume the operation of its plant for the manufacture of its goods, and permit it to manufacture and deliver to the defendant additional goods wherewith to secure the acceptance of the said draft or bill of exchange until a reasonable time had elapsed after the acceptance by the defendant of the said draft or bill of exchange and after the maturity thereof; that subsequently the trust company violated this agreement and proceeded against the mills company, so that the mills company was prevented from continuing its business. It is not alleged that there was any contract between the trust company and this defendant, but it is alleged that with the consent of the trust company the contract between the trust company and the mills company was communicated to the defendant, and it was based upon this contract that the defendant accepted the bill in suit.

It seems to me that this was no defense. The bill was dated on the 2d of December, 1908, and the complaint alleges that this contract was made prior to that date. The consideration of the acceptance was the making of the contract, and, if a valid contract between the mills

company and the trust company was actually made, there was a valid consideration for the acceptance. The answer alleges that on January 25, 1909, the trust company failed to perform its promise and agreement, and instituted and continued legal proceedings to foreclose the mortgage upon the property of the mills company, and so prevented it from fulfilling its contract with the defendant. It is not alleged that the trust company agreed for any particular time to suspend proceeding against the mills company, and the only breach alleged is that having made a contract prior to the 2d of December, 1908, not to proceed against the mills company, on January 25, 1909, it did proceed. Upon the face of the contract, the mills company secured a delay of two months, and how much more does not appear. If a valid contract was made by which the trust company agreed not to proceed against the mills company to enforce its demands, there was a valid consideration for the acceptance, and transferring the accepted bill to the trust company was a good consideration for the making of the agreement. Therefore, if such an agreement was made, the mills company could have successfully resisted any attempt of the trust company to enforce its security for the mills company indebtedness or could now recover from the trust company damages for a breach of its contract. It was the making of the contract that was the consideration for the acceptance and a subsequent breach of the contract by the trust company did not destroy the consideration so as to avoid the acceptance. Bookstaver v. Jayne, 60 N. Y. 146, cited as a controlling authority in the prevailing opinion, is not, I think, in point. In that case the making of the note in suit and the indorsement of the same by the defendant were for a specific purpose which was never carried into effect, the purpose being to secure the discontinuance of an action brought for the recovery of the debt which the note was given to secure. The giving of the promissory note to secure the discontinuance of an action was a delivery of the note upon condition and the obligation never took effect because the action was not discontinued. Gillespie v. Torrance, 25 N. Y. 306, 82 Am. Dec. 355, which is an authority for the plaintiff, was there distinguished, as in that case as in this the contract was made between the principal and a third party and not with the surety, while in the case then under consideration the contract was directly with the surety. See, also, Lasher v. Williamson, 55 N. Y. 619. In the Bookstaver Case, supra, the consideration failed entirely, for it was simply given to secure the discontinuance of the action which was never discontinued. But in this case the contract being made between the mills company and the trust company to which the defendant was not a party, and the contract having been performed for at least two months from the making of it and the time when the trust company commenced proceedings against the mills company, there was not such an entire failure of consideration it seems to me as would relieve the acceptor from his obligation.

I think, therefore, the judgment appealed from was right, and should be affirmed.