JOHNSTON HEATING COMPANY, Respondent, *v.* BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT, No. 6, MANHASSET, TOWN OF NORTH HEMPSTEAD, NASSAU COUNTY, NEW YORK, Appellant.

First Department, December 1, 1916.

Education — public schools — resolution accepting bid to install heating plant — when resolution does not constitute binding contract — effect of subsequent rescission of resolution — when bidder cannot recover prospective profits.

Although an incorporated town board of education by resolution accepted a bid for installing a ventilating and heating plant in a proposed school building, the resolution did not constitute a contract with the bidder, and the board retained the power of rescission until such time as the acceptance of the bid was communicated to the bidder by some person having authority to act on behalf of the board and was accepted by the bidder.

Hence, although after said resolution, a member of the board who was not shown to have had authority to act, communicated to the agent of the bidder the fact that the resolution had been passed, there was no binding contract which enabled the bidder to sue for prospective profits when the board of education subsequently rescinded its resolution and awarded the contract to other persons.

APPEAL by the defendant, Board of Education, etc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of May, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*James L. Dowsey,* for the appellant.

*Lynn W. Thompson,* for the respondent.

DAVIS, J.:

This action was brought to recover profits which plaintiff would have made in the performance of a certain contract with the defendant had it been allowed to enter into and perform that contract. The plaintiff recovered a judgment, based upon the verdict of a jury, for $1,162.26.

The plaintiff is engaged in the business of installing heating and ventilating plants in public schools and buildings. The defendant is a corporation having charge of the educational interests of Manhasset in the town of North Hempstead, L. I.

The plaintiff, pursuant to an advertisement for the construction of a new school building by the defendant at Manhasset, submitted a bid for the construction of the heating and ventilating plant. The advertisement stated that information concerning the work to be done could be secured from Frederick H. Briggs, an architect, at Plandome, L. I. The plaintiff through its then secretary communicated with Mr. Briggs, and in answer to that communication received a letter from Briggs stating where plaintiff could get a set of blueprints and specifications for the construction of the new school. This letter also stated that sealed proposals would be received by the clerk of the board of education until January 8, 1915, up to seventhirty P. M., for the general construction of the new high school.

On January 8, 1915, the plaintiff's representative, Mr. Textorious, appeared before the board of education and submitted plaintiff's bid, together with a certified check for five per cent of the· amount of its bid, and a surety company bond. The bid of the plaintiff proposed to furnish all the material, labor,

and install complete the heating and ventilating plant in accordance with the plans and specifications, for $5,216. Thereupon the board proceeded to open and announce the names of the bidders, and the amounts of the bids were placed on a blackboard under separate heads and remained there throughout the evening. On the blackboard the plaintiff's bid of $5,216 appeared as the lowest bid for the ventilating and heating. After opening the bids and putting them on the blackboard the board went into an executive meeting in an adjoining room. While they were in session a member of the board named Bellows came out of the meeting and told Textorious that the contract had been awarded to the plaintiff. Bellows also said it would not be necessary for Textorious to remain there; that they would not enter into any contract before they had sold their bonds and that the contract was plaintiff's when they had sold the bonds.

It appeared from the minutes of this meeting, which were put in evidence by the plaintiff, that the bid of the plaintiff was accepted in the following words: Under date of the " special meeting of the Board of Education on Fri., Jan. 8, 1915: * * * Regularly moved, seconded and carried that the Johnston Heating Co.'s estimate for the heating be accepted providing the bonds are sold — estimate $5216." The board then adjourned to hold a special meeting on January 9, 1915, when the minutes of January eighth were approved. On the following day the witness Textorious, representing plaintiff, had a conversation over the telephone with Mr. Bellows, in which conversation Bellows stated again that the contract had been awarded to the plaintiff. Thereafter, and on or about January thirteenth, the plaintiff received a letter from the clerk of the defendant returning his check and bond and telling plaintiff that Hynes Brothers, of Great Neck Station, had been awarded the contract for heating and plumbing. It appears from the minutes of January 9, 1915, that the resolution to accept the estimate of the Johnston Heating Company was rescinded and the certified check directed to be returned. At the same meeting a resolution was adopted accepting the estimate of Hynes Brothers not only for the plumbing, but for heating, in one bid aggregating $10,285. When the plaintiff

received the notification that the contract for heating and plumbing had been taken away from it and awarded to Hynes Brothers, of Great Neck, it notified the defendant of its willingness to enter into a contract and comply with all its terms and conditions. The defendant refused to allow the plaintiff to perform and did not readvertise for bids, but went ahead and advertised for the sale of the bonds and the bonds were finally sold.

The plaintiff claims that its bid was fully accepted and the acceptance communicated to the plaintiff in a way to bind the defendant, and that that acceptance constituted a contract between the parties, although no formal contract had as yet been executed. The defendant, on the other hand, claims that there was no acceptance and consequently there was no contract and that the court should have dismissed the complaint.

It is apparent from this testimony that the plaintiff was the lowest bidder and that its bid had been accepted by resolution of the board; but there is no evidence that the acceptance was ever communicated to the plaintiff by any person acting under authority of the board. It may all be true that Mr. Bellows told plaintiff's agent that the bid was accepted (although Bellows denies this), nevertheless it is not shown by any evidence whatever that Bellows had any authority to make this communication on behalf of the board. In the absence of an authorized notice of acceptance of plaintiff's bid the board had a perfect right to rescind its resolution accepting plaintiff's bid. The question of the legality of the board's action in accepting some other bid in place of plaintiff's is not now before this court. We simply decide that the board's action in revoking the acceptance of plaintiff's bid was quite within its legal right.

The court charged the jury that the first important question for it to consider was, whether the defendant accepted the bid of the plaintiff and whether there was any proper communication from the board to the plaintiff accepting its bid; that if there was a proper acceptance of the bid then there was a contract and the defendant was liable in damages. The court further stated that if the jury should find under all the circumstances and testimony that the statement made to the plaintiff as to the acceptance of its bid was unauthorized and made by

a member of the board acting without authority then it was not a proper acceptance of the bid and there was no contract.

In the view we take of the evidence in this case, there was no question whatever for a jury to decide, and the complaint should have been dismissed.

The judgment and order are reversed and complaint dismissed, with costs.

CLARKE, P. J., SCOTT, SMITH and PAGE, JJ., concurred.

Judgment and order reversed, with costs, and complaint dismissed, with costs.