MOODY ENGINEERING COMPANY, INC., Respondent, *v.* BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE TOWN OF PELHAM, WESTCHESTER COUNTY, NEW YORK, Appellant.

First Department, May 18, 1923.

Schools — contract for construction of building — contractor agreed to furnish written list of buildings constructed by it and on failure to do so board of education rescinded resolution awarding contract — before rescission vice-president informed contractor through architect that contract had been awarded to it — binding contract was not made.

A binding contract for the construction of a school building is not made where it appears that the board of education prior to passing a resolution awarding the contract and authorizing its president and clerk to execute the same, requested the contractor's representative to furnish the board with a written list of the buildings which the contractor had constructed and the representative promised so to do; that after a delay and the failure of the representative to furnish the list of buildings the board rescinded its prior resolution directing the making of the contract.

If the first resolution be deemed an acceptance of the bid it was not shown that the acceptance was ever officially communicated to the contractor by the board itself through its duly authorized representative and until such notification the board had the right to rescind the first resolution.

The notification given to the contractor by the vice-president that the contract had been awarded to it was not binding, since he had no authority to act for the board.

APPEAL by the defendant, Board of Education of Union Free School District No. 1 of the Town of Pelham, Westchester

County, New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 16th day of March, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 27th day of March, 1922, denying defendant's motion for a new trial made upon the minutes.

*William R. Page* [*Benjamin L. Fairchild* with him on the brief], for the appellant.

*Winthrop & Stimson* [*Allen T. Klots* of counsel; *Fred B. Lund, Jr.,* with him on the brief], for the respondent.

FINCH, J.:

This is an action to recover, as damages for breach of contract, prospective profits the plaintiff claims it would have made if permitted to perform an alleged contract with the defendant.

Defendant, the Board of Education of Union Free School District No. 1 of the Town of Pelham, Westchester County, New York, invited the submission of bids for the construction of a school building. Of a number of bids received the plaintiff's bid was the lowest. Upon motion of the defendant, a committee consisting of two of its members left the board room and requested the plaintiff's representative, Mr. Alexander M. Mitchell, for a list of buildings his company had constructed. This was given verbally, and plaintiff's representative went before the board and promised to furnish a written list. Upon plaintiff's representative leaving the meeting, the board voted upon the question as to who should be the contractor, and the plaintiff received seven out of eight votes, whereupon the board passed a resolution that the president and clerk of the board " be and are hereby authorized and directed to execute and deliver, upon the approval of Elon S. Hobb, Esq., counsel of the Board, contracts for the said work as follows: For the general construction, to the Moody Engineering Co., Inc. * * * for the sum of $173,158." The plaintiff's witness, Mitchell, testified that the day following the board meeting one of the architects called him up and told him that he had been asked by the vice-president of the board to tell him that the board had passed a resolution to give the plaintiff the contract. Said Mitchell also testified to a conversation with one of the architects, in which he told him that some of the members of the board were in his office, and that certain changes in the contract had been agreed upon. Subsequently the architect made a report on the proposed contracts, and the president of the board was directed to remind Mr. Mitchell that he had not furnished the promised information about the buildings constructed by his company, and to request

his presence at a meeting of the board. The president reported to the board that he had requested Mr. Mitchell to appear and bring with him the desired information, but that he was too busy and could not come until the following week. The board then passed a resolution rescinding the resolution directing the making of a contract with the plaintiff, and revoking the authority given the president and clerk to execute such a contract.

It was a question of fact whether the facts, as appearing in the record, show an intention on the part of the board to make a binding contract with an additional agreement to reduce it to writing (*Pratt* v. *Hudson River R. R. Co.*, 21 N. Y. 305), or whether the intention shown was merely to take a step towards making a binding contract, but reserving a complete acceptance until the board was satisfied as to the practical experience and accomplishments of the plaintiff, to be supported by evidence of a list of buildings which the plaintiff had constructed. The facts would seem to support the latter construction (*North-Eastern Const. Co.* v. *Town of North Hempstead*, 121 App. Div. 187); but even if the resolution be deemed an acceptance of the plaintiff's bid, there is no proof that the acceptance was ever officially communicated to the plaintiff by the board. Such notification, to be binding upon the board, must be the act of the board itself by its duly authorized representative; and until such notification the board was within its rights in rescinding its resolution authorizing and directing the execution of a contract with the plaintiff. (*Johnston Heating Co.* v. *Board of Education*, 175 App. Div. 140; affd., 226 N. Y. 592.) The resolution authorized the president and clerk to bind the board in this connection; and unless it was shown that the president was for some reason incapacitated and unable to act, the vice-president would have no authority to act for the board in giving such notification, whether it was given in writing or orally. (*Johnston Heating Co.* v. *Board of Education*, *supra.*)

It follows that the judgment and order should be reversed, with costs to the appellant, and the complaint dismissed, with costs.

Dowling, Smith, Merrell and McAvoy, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.