mandamus to compel the comptroller of the city of New York to consider the claim of the relator for expenses and disbursements incurred by him in successfully defending himself against charges of alleged misconduct in office as an assistant district attorney of the county of New York.

*Robert S. Johnstone, William M. K. Olcott* and *Neilson Olcott* for appellant.

*George P. Nicholson, Corporation Counsel (John F. O'Brien, John Lehman* and *Henry J. Shields* of counsel), for respondent.

Order affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.

---

Moody Engineering Company, Appellant, *v.* Board of Education of Union Free School District No. 1 of the Town of Pelham, Respondent.

*Contract — award of contract for public work — rescission of award before execution of formal contract — action to recover prospective profits — complaint properly dismissed.*

*Moody Engineering Co., Inc., v. Board of Education, U. F. S. Dist. No. 1, Pelham,* 205 App. Div. 522, affirmed.

(Argued June 3, 1924; decided July 5, 1924.)

Appeal from a judgment, entered May 23, 1923, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was by a bidder under an advertisement inviting proposals for the erection of a school building, to recover, as damages for breach of contract, prospective profits it claims it would have made if permitted to perform an alleged contract which the defendant denied having made with it. The complaint alleged that defendant, after published notice, received bids for the construction of a high school building at Pelham, N. Y.; that plaintiff was one of the bidders;

that on August 19, 1919, the contract was duly awarded to plaintiff, which was the lowest bidder, and which was qualified to perform the contract; that thereafter defendant took action purporting to rescind its resolution awarding the contract to plaintiff; that plaintiff offered to perform; that defendant refused to execute a formal contract or to permit plaintiff to proceed with the work; that plaintiff was thereby prevented from obtaining its proper and legitimate profit.

*Allen T. Klots* and *Fred B. Lund, Jr.,* for appellant.
*Elon S. Hobbs* and *Ben. L. Fairchild* for respondent.

Judgment affirmed, with costs. Held, that the parties contemplated the execution of a formal contract which was not done; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

SOLOMON RAISIN, Respondent, *v.* EDGAR SHOEMAKER, Appellant.

*Lease — action to recover damages for failure to give possession of alleged leased premises.*

*Raisin v. Shoemaker,* 206 App. Div. 122, affirmed.

(Submitted June 5, 1924; decided July 5, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1923, reversing a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial. The action was brought by the plaintiff to recover of the defendant damages alleged to have been sustained by the plaintiff by reason of being deprived of a leasehold estate, which it was alleged the defendant essayed to convey to the plaintiff by the following instrument:

" The undersigned in consideration of the sum of $491.55, the receipt of which from Solomon Raisin is hereby acknowledged, does hereby agree to give him a lease of premises situate at the southeast corner of