FREDERICK R. SMITH, INC., Plaintiff, Respondent, *v.* CHARLES KARSH, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, November 13, 1924.

Contracts — action for breach of contract — letter by plaintiff to defendant offering to perform services followed by commencement of work by plaintiff does not constitute enforcible contract.

A letter by the plaintiff to the defendant offering to make certain alterations in defendant's steam-heating plant, followed by the commencement of work by the plaintiff, does not constitute an enforcible contract, where there is no proof that the letter was accepted either orally or in writing and the plaintiff in its brief treats the contract as an oral one made at a meeting on the day before the date of the letter, and further admits that on that day the question of the time and terms of payment were left open.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of plaintiff in the amount of $800 after a trial by a judge without a jury.

*Maurice Lefkort,* for the appellant.

*Clarke & Clarke (Richard H. Clarke,* of counsel), for the respondent.

*Per Curiam.* Plaintiff sues for its damage for breach of a contract to make certain alterations in defendant's steam-heating plant.

The principal question involved and the only one that requires our attention, is whether any contract was ever entered into between the parties. The complaint alleges that " on or about July 20th, 1923, a contract was entered into ＊ ＊ ＊" (in apparent reliance upon a letter sent by the plaintiff on that date). Plaintiff's counsel in a colloquy in relation to the admission of evidence said: " The one of July 20th is the contract, at least, the paper of July 20th sets forth the contract, plus verbal conversations." There is, however, no proof in the record that the letter of July 20th was

accepted either orally or in writing, and respondent's brief treats the contract as an oral one made at a meeting on the nineteenth of July. Plaintiff admits that at that conference the question of the time and terms of payment were left open. This conference of July nineteenth amounted, therefore, to nothing more than an agreement to agree such as is discussed in *Mayer* v. *McCreery*, 119 N. Y. 434. It might be said that the letter of July twentieth constituted an offer which might ripen into a contract by an overt act as in *White* v. *Corlies*, 46 N. Y. 467, but the overt act which is there discussed as indicating an acceptance must, of course, come from the offeree, whereas the only act performed by either party in the instant case following the letter of July twentieth was the commencement of work by the offeror himself.

The judgment must, therefore, be reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, GUY, BIJUR and MULLAN, JJ.