JOHN J. HARVEY et al., Partners Doing Business under the Name of JOHN J. HARVEY COMPANY, Respondents, v. GENERAL CABLE CORPORATION, Appellant.

Fourth Department, December 29, 1955.

*R. L. Dunmore, Jr.,* for appellant.

*Bartle Gorman* and *J. Walter Augar* for respondents.

*Per Curiam.* Under the court's charge, the jury, in order to give a verdict to the plaintiffs, necessarily had to find that the parties intended to and did enter into a complete oral agreement. Such a finding, implicit in the verdict, was, in our opinion, not only against the weight of evidence but contrary to the evidence. The theory of the plaintiffs' action as set out in the complaint seems to be that the defendant was liable for a failure to enter into a written agreement after the plaintiffs had submitted a low bid. The complaint does not allege that the parties entered into a contract, either written or oral. Even the allegation that defendant advised the plaintiffs that they had been awarded the contract is negatived by the plaintiffs' own statement in a letter to the defendant that: '' On several occasions we were told that ours was the low bid but the work did not proceed, or, for one reason or another, we received no award of contract.'' We find no evidence to sustain a finding of an express oral agreement nor is there evidence which can support an agreement implied in fact. The specifications, upon which the plaintiffs submitted their bid, set out the general conditions, one of which was that the contract documents should be signed in duplicate by the owner and the contractor. The written contract documents were prepared and sent to the plaintiffs who executed the same. The plaintiffs took no action in letting subcontracts or obligating themselves in advance of the execution of the written contract. The plaintiffs, after being informed that the defendant was not going to execute the written contract, complained to the defendant about the change in plans and '' that we are to be denied the opportunity of rebidding ''.

The plaintiffs relied upon what was termed '' a course of conduct '' between the parties to sustain a contract implied in fact. It appears that prior to the transactions here presented, the plaintiffs had done work for the defendant and had been paid therefor without entering upon formal written contracts. On the other hand, it was shown that the plaintiffs and defendant had entered into formal written agreements similar to that in this case. We think no contract may here be implied in fact from the prior dealings between the parties. The evidence seems convincing that the parties intended to be bound only by a formal written agreement; that their minds never met on any oral agreement and that no contract may be implied in fact by the conduct of the parties. '' The assent of the person to be charged is necessary, and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted.'' (2 Clark on New York Law of Contracts,

§ 1029, p. 1605; *Miller* v. *Schloss,* 218 N. Y. 400, 406.) The evidence in this case points to the fact that the parties intended there should be a written agreement and that there was to be no contract unless and until such written agreement was executed by both parties. (*Schwartz* v. *Greenberg,* 304 N. Y. 250; *Moody Eng. Co.* v. *Board of Educ.,* 205 App. Div. 522, affd. 238 N. Y. 629.)

The judgment should be reversed and the complaint dismissed.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WHEELER and VAN DUSER, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.