Jack Stanislaw, J.
The bid of defendant Hassett Plumbing Corporation was the lowest received by plaintiff Board of Education, Union Free School District No. 10, in response to its advertisement. The notice contained a provision that the contract would be awarded to the low responsible bidder, or all proposals rejected, within 45 days of the opening of bids. During that same period a bid could not be withdrawn. On the 43d day following the opening of bids the school board met and passed a resolution awarding the contract to Hassett. Two days later this fact was relayed to Hassett by the letter of plaintiff’s architect mailed that 45th day. That same day Hassett notified plaintiff that it was withdrawing its bid. At any rate, defendant did not perform and instead the work was done by the second lowest bidder. The school brought this action to recover its damages, the increased cost to it of the work, from Hassett on the basis of an improper refusal to proceed after its bid had been properly accepted. We have here plaintiff’s motion for summary judgment on that cause of action.
Hassett’s principal argument is that it never received official and timely notification of the acceptance of its bid by the board (the resolution passed the 43d day). The school board takes the position that its adoption of a resolution accepting the bid is judicially noticeable and thus binding on Hassett, as a matter of public record, as of the day it passed. Furthermore, plaintiff’s business manager also notified defendant of this resolution on the same (45th) day that defendant’s notice of withdrawal of bid was received.
It is not possible to equate the passage of plaintiff’s resolution with a binding acceptance of Hassett’s bid per se. Assuming arguendo judicial notice be taken of the passage of the resolution, that alone is insufficient to bind the defendant. The acceptance of bid indicated by that resolution must be communicated to the bidder by one authorized by the school board to act in such capacity (Johnston Heating Co. v. Board of Educ., 175 App. Div. 140, affd. 226 N. Y. 592). There is no convincing evidence of any such authority in the architect to so proeeed in this situation.
There is substantial agreement as to the factual background of this action, with the exception noted as to the authority of the individual acting for the plaintiff. That being the case, this *143 issue shall be one preserved for trial, together with that having to do with the time plaintiff received defendant’s notice of withdrawal and mailed its own acceptance (in the event the architect’s authority is demonstrated). (CPLR 3212, subd. [g].) The motion is denied.