■ In the Matter of HENDRICKSON BROS., INC., Appellant, v COUNTY OF SUFFOLK et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to recover, in accordance with section 105 of the General Municipal Law, a bid bond submitted in connection with a bid on a public sewer project, petitioner appeals from a judgment of the Supreme Court, Suffolk

County, dated March 9, 1977, which dismissed the petition. Judgment reversed, on the law, with $50 costs and disbursements, and petition granted. The respondent county advertised for bids on a sewer project; on October 21, 1976 it was determined that petitioner had submitted the lowest bid. In a letter dated November 4, 1976, the respondent Department of Environmental Control of Suffolk County indicated its "intention to award the contract" to petitioner, but stated that it was "unable to make a formal award at this time." In a "follow-up" letter dated November 8, 1976, the respondent department repeated that it could not yet make a formal award and set forth an additional term to the proposed contract. The letter stated: "Your concurrence with this stipulation, in writing, is essential prior to the actual awarding of the contract." Under separate cover, on November 8, 1976, the respondent department mailed copies of the contract and perform- ance and labor and material bonds to petitioner. Petitioner executed and returned the forms. On January 18, 1977 petitioner wrote to the respondent department, informing it that as the award had not been made within 45 days (see General Municipal Law, § 105), its bid was "void and of no further force and effect." By letter dated January 21, 1977, the respondent depart- ment replied that it intended to hold petitioner to the contract and returned a fully authorized and executed copy of the agreement to petitioner. The contract was dated *December 21, 1976.* Special Term found that the "fully executed contract as at December 21, 1976 is clearly the award of contract". This finding was erroneous and is contrary to respondents' Exhibit 1, the construction contract record. The contract provided that certain documents, including the "information for bidders", "are made a part hereof to the same extent as though the same were specifically written". Section I-15 of "Information to Bidders" provides, in part, "Acceptance of each bid and Notice of Award will be in writing signed by an officer of the Owner and mailed to the address designated in the Proposal." Section I-II(d) provides: "The Owner will not be bound by the award nor shall any work be performed on account of the proposed contract until the contract has been fully approved, executed and delivered." Moreover, the contract was signed and approved by the county executive; the construction contract record shows that he signed the contract between January 17, 1977 and January 19, 1977. Thus, the contract had not been *delivered* to petitioner when it withdrew its bid on January 18, 1977. When the respondent department delivered the executed contract in a letter of transmittal dated January 21, 1977, the 45-day period set forth in section 105 of the General Municipal Law had elapsed. It was clearly the intention of the parties that the county would not become bound until a contract was fully authorized, executed and delivered by it. The intention of the parties not to be bound until perform- ance of this condition must be given effect (see 40 NY Jur, Municipal Corporations, § 811). Apart from the fact that delivery was stipulated to be a condition precedent, a communication of acceptance was required (see *White v Corlies,* 46 NY 467; *Cortland Asbestos Prods. v J. & K. Plumbing & Heating Co.,* 33 AD2d 11; *Moody Eng. Co. v Board of Educ.,* 205 App Div 522). The respondent department did not unequivocally accept and award the contract until January 21, 1977, after petitioner had withdrawn its bid. Under the common law, and under conditions precedent stipulated to by the parties, no contract could come into existence until that date, the date of delivery of a fully authorized and executed contract to petitioner. The late delivery of the contract three days after petitioner withdrew its bid was of

no effect. Martuscello, J. P., Damiani and Titone, JJ., concur; Cohalan, J., dissents and votes to affirm the judgment on the opinion of Mr. Justice Bracken at Special Term.