■ In the Matter of BARBARA DIXSON, Petitioner, v J. HENRY SMITH, as Commissioner of the New York City Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated June 15, 1977 and made after a statutory fair hearing, which affirmed a determination of the local agency to recoup overpayments from petitioner's public assistance grant. Petition granted to the extent that the determination is annulled, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the respondent State commissioner for a new hearing consistent herewith. On August 4, 1976 petitioner reported to the respondent local agency that she had not received her semimonthly public assistance check. A replacement check was issued in the amount of $155. Thereafter, the local agency discovered that the "missing" check, dated July 29, 1976, had been negotiated. The check had been indorsed with petitioner's name and with her former identification number. The local agency, having concluded that petitioner herself had cashed the July 29, 1976 check, then sought to recover the $155 from her. Petitioner sought review of the local agency's actions at a fair hearing. She appeared at the hearing *pro se* and was not given an opportunity to present her version of the facts or to cross-examine the local agency's witness, Senior Investigator McHugh. McHugh, testifying as a handwriting expert, stated that the signature on the July 29, 1976 check differed somewhat from signatures which petitioner had acknowledged as her own, but opined that all the documents had been signed by the same person. McHugh gave no testimony regarding his background or experience as a handwriting expert, except to say that as an investigator for the local agency he had spent "Some * * * time * * * in the comparison of signatures to determine whether a fraud or a duplication occurred." In his decision after the fair hearing, the State commissioner affirmed the local agency's determination. Since the decision after the fair hearing rested on the opinion of an "expert" whose qualifications were not stated, it cannot, in the absence of additional supporting evidence, be confirmed (see *Matter of Garcia v Lavine,* 41 AD2d 817). In addition, a new hearing is required because petitioner was not given an opportunity to present her case. Hopkins, J. P., Damiani, O'Connor and Mangano, JJ., concur.

■ In the Matter of HENDRICKSON BROS., INC., Respondent, v COUNTY OF SUFFOLK et al., Appellants.—Judgment of the Supreme Court, Suffolk County, dated April 25, 1978, affirmed, with $50 costs and disbursements. No opinion. Lazer, Gulotta and Shapiro, JJ., concur.

Cohalan, J., concurs in the result on constraint of *Matter of Hendrickson Bros. v County of Suffolk* (58 AD2d 602). Suozzi, J. P., not voting.

■ In the Matter of MICHAEL MAYER et al., Petitioners, v DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the Secretary of State of the State of New York, dated October 27, 1977, which, after a hearing, found that the petitioners had demonstrated untrustworthiness (see Real Property Law, § 441-c). Determination confirmed and proceeding dismissed on the merits, with costs. There is substantial evidence in the record to support the finding that petitioners had demonstrated untrustworthiness with respect to the transaction which was the subject of the disciplinary proceeding. Hopkins, J. P., Titone, Margett and Mangano, JJ., concur.