■ In the Matter of Guy Pratt, Inc., Appellant, v Town of North Hempstead, Respondent.—In a proceeding pursuant to CPLR article 78 to recover, in accordance with General Municipal Law § 105, insurance certificates, bonds and other documents submitted in connection with a bid on a public project, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Oppido, J.), dated December 5, 1985, declaring its withdrawal of the bid a nullity, and dismissing the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the matter is remitted to

the Supreme Court, Nassau County, for entry of an appropriate judgment.

On October 30, 1984, the Town Board of the Town of North Hempstead adopted a resolution to issue a solicitation for sealed bids in connection with DPW project No. 84-20, entitled "L-5 Sanitary Landfill, Entrance Road Culvert Installation". The bids were opened on February 14, 1985. The petitioner submitted the lowest of the three bids, in the sum of $79,369. The Town Attorney notified the petitioner by letter dated March 26, 1985, that it had been awarded the contract. The letter indicated that the town desired to have the contract documents executed as early as possible, and requested that the petitioner obtain a performance bond in the amount of the bid price, a labor and material payment bond in the same amount, and a Town of North Hempstead certificate of insurance. On April 14, 1985, the petitioner executed the proposed contract and tendered the requested documents to the Town Attorney. Section GC-14 of the contract provided, in part, that: "In case of the successful Bidder, in anticipation of an Award of this Contract, voluntarily undertakes to commence the performance of any of the Contract work on the site of the project, he does so entirely at his own risk and without obligation or responsibility on the part of the Town unless and until an Award of the Contract to him is consummated by the delivery to him of an executed duplicate of the Agreement which has been approved by and filed in the Office of the Town Clerk". The Town Supervisor executed the contract on May 16, 1985.

The petitioner, by letter dated May 23, 1985, notified the respondent that it was withdrawing its bid pursuant to General Municipal Law § 105 because the respondent had not awarded the contract within the required 45 days of receipt of the bid. The letter also requested pursuant to this section that the respondent return all of the insurance certificates and bonds tendered. The Town Attorney subsequently informed the petitioner, by letter dated May 30, 1985, that the contract had been awarded on March 26, 1985, within the requisite 45-day period, and was hence valid and binding on the petitioner. The respondent, on the same date, delivered an executed copy of the contract under separate cover.

The petitioner commenced this proceeding for a judgment directing the return of the insurance certificates, bonds and other documents submitted in connection with the bid. Special Term, by judgment dated December 5, 1985, declared the withdrawal of the bid a nullity and dismissed the petition.

We conclude that the determination of Special Term was in error. Notwithstanding the letter of March 26, 1985, which indicates that the respondent had ostensibly awarded the contract to the petitioner on that date, section GC-14 of the contract clearly evidences an intention that the respondent would not become bound by the agreement until an executed copy thereof was delivered to the petitioner. It is undisputed that the executed contract had not been delivered to the petitioner before the withdrawal of the bid, or before the 45-day period had elapsed (see, General Municipal Law § 105). The respondent, therefore, may not be deemed to have awarded the contract to the petitioner prior to the withdrawal of the bid, and the withdrawal, inasmuch as it took place after the prescribed 45-day period, was valid and effective (see, General Municipal Law § 105; *Matter of Hendrickson Bros. v County of Suffolk,* 58 AD2d 602, *vacated on other grounds* 75 AD2d 1031, *after remittitur* 69 AD2d 904, *affd* 51 NY2d 1003). Thompson, J. P., Bracken, Brown and Eiber, JJ., concur.