SIVIN-TOBIN ASSOCIATES, LLC, Appellant, v AKIN GUMP STRAUSS HAUER & FELD LLP, Respondent. [892 NYS2d 71]—

On December 19, 2005, plaintiff, a recruitment firm, sent, via e-mail, an unsolicited resume of an attorney specializing in Korean practice to a partner in defendant's New York office. According to plaintiff, a copy of its placement terms and conditions (term sheet) describing the anticipated fee for attorney placement with defendant was sent along with the resume. The term sheet provided that "[t]he interviewing of any attorney

submitted to the firm will constitute acceptance of these terms and conditions unless [plaintiff] is notified to the contrary in writing prior to the first interview."

The partner to whom the resume and term sheet were sent has no recollection of receiving the e-mail but does not deny that he did so. At the time it was sent, defendant's New York office did not have a Korean practice, and thus the resume was of no interest to the partner who received the e-mail. Approximately nine days later, on December 28, 2005, a partner in defendant's Washington, D.C. office, which has a Korean practice, was working with another recruitment firm from which it received the same candidate's resume. Unaware of the resume that was sent to the New York office, the partner in the Washington office, working with the other recruitment firm, interviewed and ultimately hired the candidate to work in defendant's New York office in or about the beginning of February 2006. A fee was ultimately paid to the second recruitment firm for its efforts.

At about the same time that defendant hired the candidate, plaintiff e-mailed the New York partner, stating that it was aware that defendant had been working with another recruitment firm and "reminding" the New York partner that it had previously sent the resume of this candidate to him. The e-mail further stated that if defendant hired the candidate, it would be required to pay plaintiff's placement fee in accordance with the term sheet that was e-mailed along with the candidate's resume back in December.

Defendant responded to plaintiff's e-mail, stating that plaintiff was not entitled to a fee. Plaintiff then commenced the instant action, asserting causes of action for breach of contract, unjust enrichment, and quantum meruit, all under the theory that there was an implied-in-fact agreement between the parties. Plaintiff maintains that an implied-in-fact agreement to pay its placement fee arose from their course of dealing for over a decade and defendant's receipt and retention of the term sheet without objection.

"In connection with an implied contract to pay for personal services, the plaintiff usually must prove that the services were performed and accepted with the understanding on *both* sides that there was a fee obligation" (*Shapira v United Med. Serv.*, 15 NY2d 200, 210 [1965] [emphasis added]). Thus, "[t]he assent of the person to be charged is necessary, and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted" (*Harvey v General Cable Corp.*, 1 AD2d 79, 80 [1955] [internal quotation marks omitted],

*affd* 2 NY2d 986 [1957]). As it is undisputed both that the New York partner did not know that the candidate was being interviewed by the Washington office, and that the Washington office did not know prior to interviewing the candidate that his resume had been sent to the New York partner, the required assent necessary to establish an implied contract cannot be inferred. There was no "meeting of the minds" (*I.G. Second Generation Partners, L.P. v Duane Reade*, 17 AD3d 206, 208 [2005]) sufficient to establish an implied contract pursuant to which defendant agreed to pay plaintiff a fee even if there was no causal connection between plaintiff's submission of the candidate's resume and defendant's decision to interview and hire the candidate.

Further, an implied contract cannot be inferred based on the parties' prior conduct. Defendant never hired any of the 10 candidates plaintiff referred to it over the course of approximately 10 years, and the mere fact that defendant interviewed three of those candidates does not permit an inference that defendant had agreed to pay plaintiff a placement fee even in instances where plaintiff's efforts played no role in defendant's decision to interview and hire the candidate. Plaintiff's unjust enrichment and quantum meruit claims, assuming that they are not merely duplicative of plaintiff's breach of contract claim (*see Stephen Pevner, Inc. v Ensler*, 309 AD2d 722, 723 [2003]; *J.E. Capital v Karp Family Assoc.*, 285 AD2d 361, 362 [2001]), fail for the same reason, i.e., defendant received no benefit from plaintiff's submission of the unsolicited resume as it went unacknowledged and was not acted on by anyone in the firm (*see Stephen Pevner, Inc.* at 723).

Contrary to plaintiff's claim, no law of the case was established by the court's prior order denying defendant's motion to dismiss the complaint (*see Friedman v Connecticut Gen. Life Ins. Co.*, 30 AD3d 349, 349-350 [2006], *affd as mod* 9 NY3d 105 [2007]). Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.