Ariella Klein, Plaintiff-Appellant, 
against
CGB Publishing PTY Ltd. d/b/a Franchising USA Magazine and Colin Bradbury, Defendants-Respondents.



Plaintiff appeals from a judgment of the Civil Court of the City of New York, New York County (Dakota D. Ramseur, J.), entered August 2, 2017, after inquest, dismissing the complaint. Plaintiff also appeals from an order (same court and Judge), dated October 18, 2017, which denied her motion to renew and reargue.




Per Curiam.
Order (Dakota D. Ramseur J.), dated October 18, 2017, insofar as appealable, reversed, without costs, renewal granted, complaint reinstated, and matter remanded for a new inquest. Appeal from judgment (Dakota D. Ramseur, J.), entered August 2, 2017, dismissed, without costs, as academic.
Although the inquest court properly determined that the pro se plaintiff initially failed to establish her threshold entitlement to unpaid wages from the defaulting defendants, we favorably exercise our discretion and grant plaintiff's motion for renewal and, upon renewal, remand the matter for a new inquest. The evidence submitted by plaintiff on renewal clearly establishes that her services, as defendants' national advertising manager, were performed and accepted with the understanding by all parties that there was a fee obligation (see Sivin-Tobin Assoc., LLC v Akin Gump Strauss Hauer & Feld LLP, 68 AD3d 616, 617 [2009]). Even if we were to find that plaintiff did not offer reasonable justification for not providing her "new" evidence earlier, we would find that renewal should nonetheless be granted so as not to defeat substantial fairness (see Garner v Latimer, 306 AD2d 209 [2003]). 
At the new inquest, the court should consider whether plaintiff obtained jurisdiction over the defaulting (Washington State) defendants.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur.
Decision Date: October 26, 2018